UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

In re:

Case No. DK 19-04258

NAJEEB AHMED KHAN,

Hon. Scott W. Dales

Chapter 11

Debtor.

_____/

ORDER DENYING MOTION FOR EXPEDITED HEARING AND
MOTION FOR SALE OF REAL PROPERTY

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

This morning Nancy L. Khan (hereinafter "Mrs. Khan"), the non-debtor spouse of Najeeb

Ahmed Khan (the "Debtor"), filed a Motion to Approve Sale of Real Property and Granting Nancy

L. Khan Adequate Protection (23411 Lakeview Drive, Edwardsburg, Michigan) (ECF No. 112,

the "Sale Motion").  Through the Sale Motion, Mrs. Khan seeks an order under 11 U.S.C. § 363[1]

authorizing the sale of certain real estate in Edwardsburg, Michigan that presently serves as the

Debtor's and Mrs. Khan's marital home (the "Property").   Mrs. Khan also filed a Motion to

Expedite Hearing and Shorten Notice Regarding Motion to Approve Sale of Real Property and

Granting Nancy L. Khan Adequate Protection (23411 Lakeview Drive, Edwardsburg, Michigan)

(the "Motion to Expedite," ECF No. 113) in an effort to close the proposed sale by November 15,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code. 11 U.S.C. §§ 101-1532.

2019.  For the following reasons, the court will deny both motions without putting other interested parties to the trouble or expense of responding.

Although Mrs. Khan contends that the Property is titled solely in her name, she concedes that the Debtor may have an equitable interest in it by virtue of the parties' marriage.  For this reason, she seeks authority under § 363 (governing sales of estate property) to sell the Property for approximately $750,000.00.  The Sale Motion also recites that Mrs. Khan and the Debtor are in the midst of a family court proceeding through which she intends to divide the marital estate.  She notes, however, that the automatic stay in the Debtor's bankruptcy case has suspended the family court proceeding.  Indeed, Mrs. Khan has also filed a motion for relief from the automatic stay (ECF No. 61, the "Stay Relief Motion") with the intention of returning to the family court to pursue equitable distribution, but apparently not divorce.

Last week the court announced its intention to displace the Debtor as debtor-in-possession and entered an order directing the United States Trustee to appoint a chapter 11 trustee.  As far as today's docket reveals, however, that trustee has not yet qualified under § 322 or appeared in this case.  Under the circumstances, this bankruptcy case, the Debtor's bankruptcy estate, and his creditors are in limbo as the current estate representative (the Debtor) waits to turn over control to the incoming estate representative (the future trustee).  Given that the control of the estate is in flux, it is highly imprudent to authorize the sale of a potentially substantial asset that Mrs. Khan is proposing to close on short notice. Having directed the United States Trustee last week to appoint

an independent trustee, the court assumes that the estate will soon have a proper representative, who would have statutory authority, subject to court approval, to sell the Property under § 363.[2]

Moreover, as the court explained in *In re Whittington-Saddler,* Slip Op. Case No. DL 16-05439, 2018 WL 5255350 (Bankr. W.D. Mich. Sept. 17, 2018), Mrs. Khan has no standing under § 363 to sell property included within the estate. The proper response to this situation is either to file a motion for relief from stay, as Mrs. Khan has, but not on an expedited basis, or to join the estate in selling the property under § 363(h). For lack of standing, without more, the court could deny the Sale Motion.

With respect to adequate protection, Mrs. Khan argues that "under § 361 and § 363(e), the Court may condition the sale of the Lakeview Property on providing adequate protection to Mrs. Khan." *See* Sale Motion at ¶ 22. Adequate protection, however, comes into play when the estate's fiduciary proposes to use, sell, or lease property of the estate, not when a non-fiduciary does. 11 U.S.C. § 363(e) (referring to property "proposed to be used, sold, or leased, *by the trustee . . .*"). The court rejects Mrs. Khan's adequate protection argument.

Finally, the court regards the Sale Motion as an obvious end run around the automatic stay which is the subject of Mrs. Khan's previously-filed Stay Relief Motion, presently scheduled for hearing on November 15, 2019. For all the reasons, the court is unwilling to authorize the sale and therefore will deny the Sale Motion.

The court's denial of the Sale Motion renders the Motion to Expedite moot.

---

[2] The court reiterates its concern about expediting the qualification of a trustee in this matter and encourages the United States Trustee to make his decision with dispatch. If the court is unsatisfied with the pace of the appointment, it may issue an order to show cause directing the parties to explain why the case should not be converted to chapter 7.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Sale Motion (ECF No. 112) is DENIED.

IT IS FURTHER ORDERED that the Motion to Expedite (ECF No. 113) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Robert F. Wardrop, II, Esq., Charles N. Ash, Jr., Esq., William J. Barrett, Esq., John C. Cannizzaro, Esq.,  Louis T. DeLucia, Esq., Alyson M. Fiedler, Esq., Sean A. Gordon, Esq., Megan R. Grant, Esq., Stephen B. Grow, Esq., Jeffrey A. Hokanson, Esq., Alan R Lepene, Esq., Mintz A. Mark, Esq., Mark A Mintz, Esq., Charity Anne Olson, Esq., Stanley F. Orszula, Esq., W. Scott Porterfield, Esq., Emily S. Rucker, Esq., Nathan Q. Rugg, Esq., Daniel J. Skekloff, Esq., Ronald A. Spinner, Esq., Marc N. Swanson, Esq., Daniel R. Swetnam, Esq., Jason M. Torf, Esq., Curtis L. Tuggle, Esq., and Denise D. Twinney, Esq. , and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 25, 2019**



Scott W. Dales
United States Bankruptcy Judge