# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NAJEEB AHMED KHAN, | Case No. 19-04258 (SWD) |
| Debtor. | |

## OBJECTION OF MARK IAMMARTINO, CHAPTER 11 TRUSTEE OF THE ESTATE OF NAJEEB KHAN, TO NANCY L. KHAN'S MOTION TO MODIFY THE AUTOMATIC STAY (ECF NO. 61)

MARK IAMMARTINO (the "Chapter 11 Trustee"), not individually but solely as Chapter 11 Trustee for the estate of Najeeb Ahmed Khan (the "Debtor"), hereby objects to Nancy Khan's Motion to Modify the Automatic Stay to Permit State Court Separate Maintenance Action to Proceed to Mediation and Judgment (ECF No. 61) (the "Motion"). In support thereof, the Chapter 11 Trustee states as follows:

1.    The Debtor's wife, Nancy Khan ("Mrs. Khan"), seeks stay relief to pursue a division of marital assets in a domestic relations case filed in the Cass County Circuit Court, Family Division (the "Family Court"). Mrs. Khan correctly notes in the Motion that "cause" for relief is determined on a case-by-case basis. *In re Patriot Solar Group, LLC*, 569 B. R. 451, 456 (Bankr. W.D. Mich. 2017). Mrs. Khan cites several cases in which such relief was granted.

2.    Those cited cases, however, are very different from the extraordinary circumstances presented here. Here, the Debtor is under criminal investigation for allegedly orchestrating a check-kiting scheme that — if true — caused well over $100 million in total losses.

29983517.3

3.  The significance of these allegations is not merely the magnitude of the losses — as staggering as they are. Rather, the allegations have significance because they raise a fundamental threshold question regarding exactly what is property of this bankruptcy estate.

4.  Mrs. Khan has asserted that she is herself an innocent victim of the Debtor's actions, but that is beside the point. While the trustee has no reason at this time to doubt Mrs. Khan's status as a victim, it would be impossible for the Family Court to "determine Mrs. Khan's and Debtor's respective interest in marital property under Michigan law" (*see* Motion at p.4) until this Court first determines — after the stakeholders are able to conduct an appropriate investigation — exactly what property belongs in the estate for ultimate distribution to creditors (including to Mrs. Kahn), and in what priority. In fact, there are multiple ongoing investigations — both civil and criminal — with the goal of determining both the source and ultimate destination of allegedly embezzled funds, as well as the identity of others who may have had some level of knowledge of, or liability associated with, the alleged scheme.

5.  In essence, Mrs. Khan puts the proverbial cart before the horse because she seeks to obtain a distribution of estate assets before the estate assets even can be identified. Thus, if permitted to proceed now in Family Court, it is possible that Mrs. Khan would effectively elevate her claims over those held by equal or senior creditors. This Court should not allow that to happen — particularly because section 362(b)(2) expressly states that an action involving the division of marital assets is subject to the automatic stay. *See* 28 U.S.C. § 362(b)(2)(A)(iv) (excepting from the automatic stay those proceedings "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate.").

29983517.3

6. More specifically, however, this court should deny the motion because Mrs. Khan has not established the required "cause" for the requested stay relief. Indeed, none of the five relevant factors supports stay relief here. *See*, *e.g.*, *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35 Fed. Appx. 179, 181 (6th Cir. 2002) (citing the relevant factors as (1) the potential prejudice to the bankruptcy estate and the interests of other creditors; (2) the resolution of preliminary bankruptcy issues; (3) judicial economy; (4) trial readiness; and (5) the creditor's chance of success on the merits).

7. *First*, the estate and creditors would be severely prejudiced if Mrs. Khan were permitted to proceed in Family Court to obtain an order regarding property that ultimately may have competing claims against it. In that circumstance, the Trustee and other parties in interest would have (a) no meaningful opportunity to investigate those competing claims and (b) no recourse if the Family Court were to award disputed property to Mrs. Khan. The prejudice is especially acute here, given the magnitude of assets and liabilities at issue.[1]

8. *Second*, the threshold issues in this case all are bankruptcy related, which means it would be particularly inappropriate at this time (if ever) for the Family Court to consider any potential division of marital assets. Among other things, the Trustee is the plaintiff in an adversary proceeding against Key Bank, N.A., in which the Trustee seeks to avoid liens that have been asserted against the vast majority of the Debtor's assets. *See Khan v. KeyBank N.A.*, Adv. Proc. No. 19-80119. Unless and until this Court avoids those liens, there may be limited assets available for distribution to unsecured creditors, including Mrs. Khan (through division of marital assets or otherwise).

9. *Third*, for many of the same reasons cited above, it would be a waste of judicial resources to proceed in Family Court at this time. The Family Court is not designed to consider

---

[1] The Debtor has listed assets totaling $89.3 million on his Schedules A/B. *See* ECF No. 151.

29983517.3

threshold issues involving property of the estate and competing third-party creditor claims to property. Those issues fall squarely within this Court's expertise, and they should be resolved here before expending valuable estate time and resources on secondary (and potentially unnecessary) claims resolution issues in Family Court.

10. *Fourth*, the family court proceedings are not "trial ready." In fact, very little was accomplished in the very short life of the Family Court case before the automatic stay went into effect.

11. *Fifth*, Mrs. Kahn has not established her chances of success on the merits — primarily because basic bankruptcy-related threshold issues have not yet been resolved.

12. Finally, beyond all of that, it would be impossible at this time for the Family Court to reasonably apply the relevant state law standards cited in the Motion, given the considerable uncertainty facing the Debtor and Mrs. Khan right now. According to Mrs. Khan, the Family Court would be required to consider several factors, including: (i) the "contributions of the parties" to the marital estate; (ii) the "life situation" of the parties; (iii) the "necessities and circumstances" of the parties; (iv) the parties' "past relations and conduct"; and (iv) general principles of "equity." *See* Motion at ₱32 (*citing Berger v. Berger*, 277 Mich. App. 700, 717 (2008). But until the investigation is complete, and until there is more clarity regarding the truth, nature, or extent of the criminal and civil fraud allegations, the Family Court cannot possibly be expected to make findings on these and other relevant factors.

13. In short, Mrs. Khan's stay relief request is not well founded and should be denied.

[*Remainder of Page Intentionally Left Blank*]

Dated:   November 8, 2019					Respectfully submitted,

										**MARK IAMMARTINO, Chapter 11 Trustee**


										*/s/ Nicholas M. Miller*
										Nicholas M. Miller
										Thomas C. Wolford
										**NEAL, GERBER & EISENBERG LLP**
										Two N. LaSalle Street, Suite 1700
										Chicago, IL 60602
										Telephone: (312) 269-8000
										Facsimile:  (312) 269-1747
										nmiller@nge.com
										twolford@nge.com

										- and -

										Rachel L. Hillegonds
										**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
										45 Ottawa Ave. SW, Suite 1100
										Grand Rapids, MI  49503
										Telephone:  (616) 831-1711
										Facsimile:  (616) 831-1701
										hillegondsr@millerjohnson.com

29983517.3

## CERTIFICATE OF SERVICE

Nicholas M. Miller hereby certifies that on November 8, 2019, he caused a true and correct copy of the ***Objection of Mark Iammartino, Chapter 11 Trustee of the Estate of Najeeb Khan, to Nancy L. Khan's Motion to Modify the Automatic Stay (ECF No. 61)*** to be filed electronically with the Clerk of the court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the electronic filing receipt. Parties may access this filing through the Court's system.

Additionally, on November 8, 2019, I caused the parties listed below to be served a copy of the foregoing via U.S. First Class Mail:

| | |
|---|---|
| Najeeb Ahmed Khan<br>PO Box 360<br>Granger, IN 46530 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Securities and Exchange Commission<br>100 F Street, NE<br>Washington, DC 20549 | Michigan Secretary of State<br>Michigan Secretary of State Building<br>Lansing, MI 48917 |
| Michigan Department of Treasury<br>Lansing, MI 48922 | The Commodore Corporation<br>Attn: Barry S. Shein<br>PO Box 577<br>Goshen, IN 46527-0577 |
| Roman Catholic Diocese of Charleston<br>Attn: Elaine H. Fowler<br>901 Orange Grove Road<br>Charleston, SC 29407 | K-Z, Inc.<br>Attn: Trevor Q. Gasper<br>601 East Beardsley Ave.<br>Elkhart, IN 46514 |

/s/ Nicholas M. Miller
Nicholas M. Miller (Admitted *pro hac vice*)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street – Suite 1700
Chicago, Illinois  60602-3801
(312) 269-8000
nmiller@nge.com

29980997.1