# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. 19-04258-SWD |
| NAJEEB AHMED KHAN | Chapter 11 |
| Debtor. | |

## APPLICATION TO EMPLOY JONES WALKER LLP AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO NOVEMBER 12, 2019 PURSUANT TO § 1103 OF THE BANKRUPTCY CODE

COMES now, through undersigned counsel, the Official Committee of Unsecured Creditors of Najeeb Ahmed Khan (the "**Committee**"), who submits this application to employ (the "**Application**") for the entry of an order authorizing the employment of Jones Walker LLP ("**Jones Walker**") as counsel for the Committee, *nunc pro tunc* to November 12, 2019. In support of this Application, the Committee and Jones Walker represent:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory and legal predicates for the relief requested here are sections 328(a) and 1103 of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

### Background

2. On October 8, 2019 (the "**Petition Date**") Khan filed this chapter 11 case pursuant to the United States Bankruptcy Code. [Dkt. No. 1]. On October 21, 2019, the Court entered a

consent order authorizing the appointment of a chapter 11 trustee. [Dkt. No. 88]. On October 29, 2019, the Court appointed Mark T. Iammartino as the chapter 11 trustee for Najeeb Khan. [Dkt. 136]. The Court also appointed Kelly M. Hagan as the chapter 11 trustee of the Khan Entities. [*Id.*]

3. On November 1, 2019, the Office of the United States Trustee for Region 9 (the "**U.S. Trustee**"), appointed the Committee pursuant to section 1102 of the Bankruptcy Code. [Dkt. 155]. The Committee is currently comprised of the following members: (i) The Commodore Corporation, (ii) Roman Catholic Diocese of Charleston, and (iii) K-Z, Inc. [*Id.*].

4. On November 12, 2019, the Committee selected Jones Walker to serve as its lead counsel. As discussed below, due to immediate pending matters in the Cases, Jones Walker began working on the Chapter 11 Cases immediately upon the formation of the Committee.

## Relief Requested

5. Pursuant to section 328(a) of the Bankruptcy Code, the Committee wishes to retain Mark A. Mintz, Jeffrey R. Barber, and Lucas H. Self of the firm, Jones Walker as its counsel in this Case *nunc pro tunc* as of November 12, 2019. The Committee determined that Jones Walker has the resources and experience necessary to represent it in this Case. Jones Walker has substantial experience representing debtors, creditors, trustees and committees in business reorganization cases. Moreover, Jones Walker has significant institutional knowledge of these cases, having served as counsel for multiple creditors and having taken an active role both in this case and the case involving the Debtor's businesses, *In re Interlogic Outsourcing, Inc.*, case no. 19-31445 (Bankr. N.D. Ind.) (jointly administered). Given the nature of this case, the Committee believes that retention of Jones Walker as its counsel is appropriate and necessary.

6. By this Application, the Committee respectfully requests that this Court enter an Order authorizing the Committee to employ and retain Jones Walker as its attorneys pursuant to

§§ 328(a) and 1103(a) of the Bankruptcy Code, *nunc pro tunc* as of November 12, 2019. Jones Walker's proposed rates for legal services are shown below.

## Scope of the Employment

7. Jones Walker is expected to render legal services as the Committee may consider desirable to discharge the Committee's statutory and fiduciary responsibilities and further the interest of the Committee's constituents in this Chapter 11 Case. In addition to acting as the primary spokesperson for the Committee, it is anticipated that Jones Walker will perform the following services, which include but are not limited to:

   (a) consulting with the Debtor and his professionals or representatives as well as the Trustee and his professionals or representatives concerning the administration of this Case;

   (b) preparing and reviewing pleadings, motions and correspondence, including, without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the Debtor or the Chapter 11 Case ;

   (c) appearing at and being involved in proceedings before this Court;

   (d) providing legal counsel to the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, related entities, the operation of the estate's businesses, and any other matters relevant to this Case;

   (e) analyzing any proposed use of cash collateral and/or post-petition financing;

   (f) advising the Committee with respect to its rights, duties and powers in this Case;

   (g) assisting the Committee in analyzing the claims of creditors and in negotiating with such creditors;

   (h) assisting the Committee in its analysis of and negotiations with the Debtor, the Trustee, or any third party concerning matters related to, among other things, the terms of a sale, plan of reorganization or other conclusion of the Case;

    (i)    assisting and advising the Committee as to its communications to the general creditor body regarding significant matters in this Case;

    (j)    assisting the Committee in determining a course of action that best serves the interests of the unsecured creditors; and

    (k)    performing such other legal services as may be required under the circumstances of this Case and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

It is necessary for the Committee to retain counsel to perform these services and to otherwise assist the Committee in fulfilling its statutory duties under the Bankruptcy Code.

8.    Jones Walker is a full service national law firm with approximately 350 lawyers in 17 offices throughout the United States. Jones Walker provides legal services in virtually every major practice area, including corporate, finance, securities, intellectual property, tax, litigation, and admiralty and maritime law. Jones Walker has several attorneys with practices concentrated on corporate reorganizations, bankruptcy, litigation, and corporate compliance and white collar defense.

9.    Because of the extensive legal services that the Committee requires in connection with the case, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Jones Walker to provide the services described above and such other services as may be necessary for the Committee to satisfy its obligations to the Debtor's unsecured creditor constituency is appropriate and in the best interests of the Debtor's estate and its creditors. Based on these facts, the Committee believes that the Firm is well-qualified to render the services described herein.

**PROPOSED COMPENSATION AND REIMBURSEMENT ARRANGEMENT**

10.    Jones Walker has agreed to represent the Committee and receive compensation on an hourly basis. The Committee understands that any compensation and expenses paid to Jones

Walker must be approved by this Court upon the filing of an application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any orders or other procedures that this Court may order. Subject to this Court's approval and Bankruptcy Code sections 328, 330 and 331, the Committee requests that Jones Walker be compensated on an hourly basis in accordance with Jones Walker's rates for this Case listed below, which are a 25% reduction in the Firm's standard hourly rates. Subject to this Court's approval, Jones Walker will charge for its legal services on an hourly basis in accordance with the hourly rates for this Case listed below.

11. Specifically, the persons most likely to be substantially involved in this representation and their respective positions and hourly rates for this Case are as follows:

| ATTORNEY | POSITION | HOURLY RATE |
|---|---|---|
| MARK A. MINTZ | PARTNER | $375 |
| JEFFREY R. BARBER | PARTNER | $390 |
| LUCAS H. SELF | ASSOCIATE | $270 |
| SAMANTHA OPPENHEIM | ASSOCIATE | $250 |
| N/A | LEGAL ASSISTANT | $175 |

Other attorneys and paralegals of Jones Walker may, from time to time, serve the Committee in connection with professional services as needed and requested. Those attorneys and legal assistants will be billed at a 25% discount off of the Firm's standard hourly rates.

12. The Committee believes Jones Walker is well qualified to represent it in these Cases. The Declaration of Trevor Q. Gasper is attached hereto as **Exhibit A**.

13. Jones Walker's hourly rates are set at a level designed to compensate Jones Walker fairly for the work of its attorneys and paraprofessionals and to cover fixed routine expenses.

Hourly rates vary with the experience and seniority of the individuals assigned and are subject to periodic adjustments at step increases to reflect economic and other conditions (generally January 1st of each year), with the hourly rate charged being the hourly rate in effect on the date that the services are performed.  Notwithstanding the foregoing, Jones Walker will forego raising the hourly rates of its attorneys in this case in January of 2020.

14. Jones Walker's hourly rates for this case are consistent with the rates that Jones Walker charges in other comparable chapter 11 cases, regardless of the location of the chapter 11 case.  Moreover, Jones Walker's rate structure is appropriate and not significantly different from (a) rates that Jones Walker charges for other non-bankruptcy representations of regular clients, or (b) the rates of other comparably skilled professionals in the national marketplace for legal services.

15. In addition to the hourly rates set forth above, Jones Walker customarily requires reimbursement for costs and expenses incurred in the rendition of legal services, including mail and express mail charges, special and hand delivery charges, photocopying charges, travel expenses, computerized research costs, and charges and fees of outside vendors, consultants and service providers that may be advanced by Jones Walker.

### Disclosures Regarding the Retention of Jones Walker

16. To the best of the Committee's knowledge, Jones Walker has no connection with the Debtor, the creditors, or other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the United States Trustee, other than in the preparation of the initial pleadings and in matters preliminary hereto, except as specifically stated in the Declaration of Mark A. Mintz, which is attached hereto as **Exhibit B**.  Specifically, Jones Walker has represented an ad hoc committee of unsecured creditors in this proceeding and the

bankruptcy *In re Interlogic Outsourcing, Inc.*, No. 19-31445 (Bankr. N.D. Ind.). These representations have been fully disclosed in accordance with Federal Rule of Bankruptcy Procedure 2019. [Dkt. No. 83]. The representation of one or more creditors of the same class as represented by the committee does not constitute the representation of an adverse interest. *See* 11 U.S.C. § 1103(b); *In re Nat'l Liquidators*, 182 B.R. 186, (S.D. Ohio 1995) ("section 1103(b)'s bar to attorney representation includes a requirement that there exist some allegation or evidence suggesting the likelihood of some actual dispute, strife, discord, or difference between the committee and its constituent or member."). Jones Walker therefore does not represent any entity having an adverse interest in connection with this case. As such, Jones Walker is qualified and eligible to represent the Committee in this case.

### REQUEST FOR APPROVAL *NUNC PRO TUNC* AS OF NOVEMBER 12, 2019

17. The Committee requests that Jones Walker's retention be approved *nunc pro tunc* as of November 12, 2019, because there was an immediate need for Jones Walker to perform services for the Committee. Specifically, the Committee was appointed on November 1, 2019 [Dkt. No. 144]. Thereafter, after meeting on November 12, 2019 the Committee decided to retain Jones Walker. The Committee has sought authorization to retain Jones Walker as soon as reasonably practicable. The Committee submits that these circumstances warrant *nunc pro tunc* approval. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.),* 844 F.2d 99, 103 (3d Cir. 1988*); Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 5 (D. Del. 1989) (approval of employment of attorney as of prior date was not an abuse of discretion).

18. No previous application for the relief requested herein has been made to this or any other court.

19. Counsel is not aware of anyone who objects to this employment.

20. Notice of this Application has been provided to: (a) counsel to the chapter 11 trustee, (b) all parties who have requested special notice pursuant to Bankruptcy Rule 2002, and (c) the Office of the U.S. Trustee.

**WHEREFORE**, the Official Committee of Unsecured Creditors respectfully requests that the Court enter an order (a) granting this Application, (b) authorizing it to retain and employ Jones Walker LLP *nunc pro tunc* to November 12, 2019, and (c) for such other relief as this Court may deem just and proper.

Dated: November 18, 2019.

Respectfully submitted,

*/s/ Trevor Q. Gasper*
Trevor Q. Gasper
Committee Chair

PROPOSED COUNSEL TO OFFICIAL
COMMITTEE OF UNSECURED CREDITORS
OF NATIONAL TRUCK FUNDING, LLC, *et al.*

By Its Attorneys,
JONES WALKER LLP

*/s/ Mark A. Mintz*

Admitted *Pro Hac Vice*:
Mark A. Mintz (LAB #31878)
**JONES WALKER LLP**
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8368
Facsimile: (504) 589-8368
mmintz@joneswalker.com

                Jeffrey R. Barber (MB #1982)
                **JONES WALKER LLP**
                190 East Capitol Street, Suite 800
                Post Office Box 427
                Jackson, Mississippi  39205-0427
                Telephone:  (601) 949-4765
                Telecopy:  (601) 949-4804
                jbarber@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, the foregoing pleading was filed electronically through the Court's ECF system and served electronically on the U.S. Trustee pursuant to Local Bankruptcy Rule 2014 and on all parties enlisted to receive service electronically.

DATED:  November 18, 2019.

*/s/ Mark A. Mintz*
Mark A. Mintz