## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. 19-04258-SWD |
| NAJEEB AHMED KHAN | Chapter 11 |
| Debtor. | |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO NAJEEB AHMED KHAN'S DISCHARGE PURSUANT TO 11 U.S.C. § 1141(d)(5)(C)**

The Official Committee of Unsecured Creditors (the "**Committee**") in the above-styled chapter 11 proceeding of Najeeb Ahmed Khan ("**Debtor**") objects to entry of an order of discharge pursuant to 11 U.S.C. § 1141(d)(5)(C) and the Clerk's 21-day *Notice to Creditors and Other Parties in Interest of Provisions Under 11 USC Section 522(q)(1)* [**Dkt. 158**] (the "**Clerk's Notice**") entered on November 1, 2019. In support thereof, the Committee states as follows:

1. The Committee contends that the exemption and discharge issues are premature at this time. Among other reasons for the Committee's contention, Fed. R. Bankr. P. 4003 provides that an objection to claim of exemption based on Section 522(q) may be filed before the case is closed. However, the Committee files this objection out of an abundance of caution in order to comply with the deadline established by the Clerk's Notice.

2. Pursuant to Section 1141(d)(5)(C) of the Bankruptcy Code, the Court may grant the discharge of an individual chapter 11 debtor if, after notice and hearing, the Court finds that "there is no reasonable cause to believe that (i) section 522(q)(1) may be applicable to the debtor; and (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A)[. . . .]"

3.  Section 522(q)(1) of the Bankruptcy Code, in turn, states in pertinent part, "As a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of an interest in property described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) which exceed in the aggregate of $170,350 [the amount statutorily established under 11 U.S.C. § 104] if (A) the court determines, after notice and a hearing, that the debtor has been convicted of a felony (as defined in section 3156) of title 18, which under the circumstances, demonstrates that the filing of the case was an abuse of the provisions of this title[. . . .].

4.  The Debtor is alleged to have engaged in a massive multi-year fraudulent financial scheme involving the diversion of hundreds of millions of dollars of funds that were deposited with Interlogic Outsourcing Inc. ("**Interlogic**"), an entity wholly-owned by the Debtor, by Interlogic's nation-wide customer base for the purpose of satisfying their payroll and withholding tax obligations. The Debtor is further alleged to have used the large sums he diverted for the benefit of himself and his family, which enabled them to enjoy an extravagant lifestyle over an extended period of time and enabled them to acquire multiple homes, aircraft, classic automobiles, commercial real estate in a plurality of states, boats, motorcycles, and other assets.

5.  KeyBank National Association asserts that in July of 2019, the Debtor's purported scheme resulted in an overdraft of Interlogic's accounts at KeyBank for approximately $122 million. As a consequence, Interlogic and certain related entities filed petitions for relief under chapter 11 of the Bankruptcy Code in the Northern District of Indiana on August 10, 2019. The Debtor and certain other entities he owns or controls filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court on October 8, 2019.

6.      The Debtor has conceded in pleadings filed in this Court that he is currently the subject of a pending federal criminal investigatory proceeding.  *See  Debtor's Emergency Motion for (i) Entry of an Interim and Final Order (a) Authorizing It to Use Cash Collateral; and (b) Providing Adequate Protection and Other Relief* [**Dkt. 21, ¶5 on p. 2**] ("[Debtor's] mismanagement is also the subject of a pending criminal investigation. Mr. Khan is fully cooperating with the federal authorities and has retained separate criminal defense counsel in that matter.").  Although upon information and belief the Debtor has not yet been charged, the federal criminal investigation could lead an indictment and to the Debtor being found guilty of a felony as described in 11 U.S.C. § 522(q)(1)(A).

7.      The Committee contends that if the Debtor is convicted of a felony, the facts supporting his conviction will demonstrate that the his chapter 11 filing was an abuse of the provisions of 11 U.S.C. § 522(q)(1). According to the Debtor's Schedule C filed on October 30, 2019 [**Dkt. 151-1**], the Debtor is attempting to exempt approximately $6,685,000 in real property under Michigan state law. Moreover, the Debtor asserts in section 3 of Schedule C a Michigan homestead exemption in excess of $170,350.  It is conceivable that all or substantially all of the Debtor's assets were acquired as a result of the fraud and illegal conduct he allegedly committed. Accordingly, permitting the Debtor to exempt such assets and remove them from the reach of creditors is an abuse of the Bankruptcy Code. *See* 4 Collier on Bankruptcy P 522.13 (16th 2019) ("abuse" under Section 522(q)(1)(a) can be demonstrated from "proof that bankruptcy filing may in some manner impede the debtor's obligation to pay restitution…").

8.      Out of an abundance of caution, and to satisfy to the deadline established by the Clerk's Notice, the Committee objects to entry of an order discharging the Debtor since 11 U.S.C.

§ 522(q)(1) may be applicable to him, and in view of the pending federal criminal investigation against him.

9.  The Committee reserves the right to initiate an adversary proceeding against the Debtor under 11 U.S.C. §§ 523 or 727 and Fed. R. Bankr. P. 4004 or 4007.

WHEREFORE, to the extent required by the Clerk's Notice, the Committee objects to entry of an order discharging the Debtor since 11 U.S.C. § 522(q)(1) may be applicable to him, and in view of the pending federal criminal investigation against him.  Alternatively the Committee requests such other and further relief as the Court deems just and appropriate.

Dated:   November 21, 2019.

Respectfully submitted,

*/s/ Mark A. Mintz*
MARK A. MINTZ (LA Bar No. 31878)
(admitted *pro hac vice*)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8368
Fax: (504) 589-8368
mmintz@joneswalker.com

***Proposed Counsel for the Official Committee of Unsecured Creditors of Najeeb Ahmed Khan***

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2019, I caused the foregoing to be served electronically using the CM/ECF system to all parties listed on the electronic filing receipt.

Dated: November 22, 2019.

*/s/ Mark A. Mintz*
MARK A. MINTZ (LA Bar No. 31878)
(admitted *pro hac vice*)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8368
Fax: (504) 589-8368
mmintz@joneswalker.com

***Proposed Counsel for the Official Committee of Unsecured Creditors of Najeeb Ahmed Khan***