**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NAJEEB AHMED KHAN, | ) | Case No. 19-04258-swd |
| | ) | |
| Debtor. | ) | |
| | ) | |

**IOI ENTITIES' (I) JOINDER TO THE OBJECTION OF
MARK IAMMARTINO, CHAPTER 11 TRUSTEE OF THE
ESTATE OF NAJEEB KHAN, TO NANCY L. KHAN'S MOTION TO
MODIFY THE AUTOMATIC STAY (ECF NO. 61) AND (II) OBJECTION
TO NANCY L. KHAN'S MOTION TO MODIFY THE AUTOMATIC STAY**

Interlogic Outsourcing, Inc., IOI Payroll Services, Inc., TimePlus Systems, LLC, IOI West, Inc., Lakeview Technology, Inc., Lakeview Holdings, Inc., and ModEarn, Inc. (collectively, the "IOI Entities"), object to *Nancy L. Khan's Motion to Modify the Automatic Stay to Permit State Court Separate Maintenance Action to Proceed to Mediation and Judgment* [Docket No. 61] (the "Motion") for the reasons set forth in the *Objection of Mark Iammartino, Chapter 11 Trustee of the Estate of Najeeb Khan, to Nancy L. Khan's Motion to Modify the Automatic Stay (ECF No. 61)* [Docket No. 186] (the "Chapter 11 Trustee Objection")[1] and for the additional reasons set forth herein. In support of this joinder to the Chapter 11 Trustee Objection and objection to the Motion, the IOI Entities respectfully state as follows:

**Joinder**

1. The IOI Entities join in and adopt the factual recitations, arguments, and authorities in the Chapter 11 Trustee Objection, incorporated herein by reference as if fully set forth. The IOI

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Chapter 11 Trustee Objection.

Entities also reserve the right to be heard at any hearing on the Motion regarding the issues raised therein.

**Objection**

2.     The IOI Entities are among the largest unsecured creditors in this chapter 11 case, holding more than $30 million of claims against the Debtor arising from his fraudulent activities. Many other parties—including the small businesses, nonprofit organizations, and other entities that comprised the IOI Entities' customer base and have asserted claims against the IOI Entities in their chapter 11 cases[2]—have suffered immensely as a result of the Debtor's fraud. Given the magnitude of the claims held by the IOI Entities and the fact that the source of funds used by the Debtor to acquire substantially all of his assets emanated from the IOI Entities, the IOI Entities, at the very least, should be allowed to participate in proceedings that adjudicate the proper ownership of the Debtor's assets.

3.     Prior to the Debtor filing for protection under chapter 11, he was the CEO and President of the IOI Entities. Unbeknownst to the IOI Entities' employees and customers, the Debtor used his position to perpetrate a significant and ongoing scheme of intentional financial mismanagement against the IOI Entities, their customers, and their financial institutions. The Debtor orchestrated a sophisticated scheme of intercompany wires that allowed him to divert millions of dollars from the IOI Entities, including payroll-processing fees and funds deposited by the IOI Entities' customers for the purpose of satisfying those customers' payroll and withholding tax obligations. The Debtor then used these fraudulently obtained funds to live a luxurious lifestyle, including owning multiple homes and numerous luxury cars, boats, and airplanes.

---

[2]   Many of these parties may also have claims, albeit legally separate and distinct, against the Debtor.

2

*See, e.g., Official Form 106A/B* [Docket No. 224]. The Debtor remains subject to an ongoing criminal investigation on account of these fraudulent activities.

4. Granting the relief requested in the Motion and allowing Mrs. Khan's case to proceed in the Cass County Circuit Court, Family Division (the "Family Court") would result in the premature adjudication and distribution of the Debtor's property—the ownership of which remains in dispute—without an open and transparent process and the participation of the Debtor's creditors. Indeed, even though the outcome of the Family Court proceedings could irreparably prejudice creditors' legal rights and remedies with respect to assets of the Debtor's estate, those creditors may not even be able to participate in those proceedings in a meaningful way. *See Yedinak v. Yedinak*, 383 Mich. 409, 415 (1970) (holding that a third-party creditor could not participate in a divorce proceeding because the requested relief was beyond the family court's limited statutory authority). This runs contrary to the core goals and tenants of bankruptcy law. *See In re Visicon Shareholders Trust*, 478 B.R. 292, 312 (Bankr. S.D. Ohio 2012) ("A paramount requirement of bankruptcy, and particularly as to a Chapter 11 debtor in possession, is disclosure and transparency."). Allowing the Family Court proceedings to run in parallel with this chapter 11 case would only serve to keep the Debtor's fraudulent activities shrouded in mystery and his assets beyond the reach of many of those most affected by his fraudulent activities.

## Conclusion

5. For the foregoing reasons and the reasons set forth in the Chapter 11 Trustee Objection, the IOI Entities respectfully submit that the Court should deny the Motion.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: November 27, 2019 | */s/ Gregory M. Luyt* |
| | Gregory M. Luyt (P62778) |
| | Bowerman, Bowden, Ford, Clulo & Luyt, P.C. |
| | 620-A Woodmere |
| | Traverse City, Michigan 49686 |
| | Telephone: (231) 941-8048 |
| | Facsimile: (231) 941-8192 |
| | E-mail: luyt@traverselaw.com |
| | |
| | - and - |
| | |
| | */s/ Matthew M. Murphy* |
| | Matthew M. Murphy (admitted *pro hac vice*) |
| | Nathan S. Gimpel (admitted *pro hac vice*) |
| | Matthew J. Smart (admitted *pro hac vice*) |
| | **PAUL HASTINGS LLP** |
| | 71 South Wacker Drive, Suite 4500 |
| | Chicago, Illinois 60606 |
| | Telephone: (312) 499-6000 |
| | Facsimile: (312) 499-6100 |
| | |
| | *Counsel to the IOI Entities* |

## **CERTIFICATE OF SERVICE**

  I, Gregory M. Luyt, counsel to the IOI Entities, hereby certify that on November 27, 2019, a true and accurate copy of the foregoing was filed using the Court's ECF electronic filing system and served electronically on all parties enlisted to receive service electronically.

            */s/ Gregory M. Luyt*
            Gregory M. Luyt
            *Counsel to the IOI Entities*