IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NAJEEB AHMED KHAN, | Case No. 19-04258 (SWD) |
| Debtor. | |

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
APPROVING PROCEDURES FOR THE SALE OR ABANDONMENT
OF MISCELLANEOUS ASSETS AND GRANTING RELATED RELIEF**

Mark T. Iammartino, (the "Chapter 11 Trustee"), not individually but solely as Chapter 11 Trustee for the estate of Najeeb Ahmed Khan (the "Debtor"), by and through his undersigned attorneys, hereby moves the Court (the "Motion") pursuant to sections 105(a), 363, 365, and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004 of the Local Rules of the United States Bankruptcy Court for the Western District of Michigan (the "Local Rules"), for entry of an order (the "Proposed Order") authorizing and establishing procedures for the sale or abandonment of miscellaneous assets and granting related relief.

**Jurisdiction**

1.  The United States Bankruptcy Court for the Western District of Michigan (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The bases for the relief requested herein are sections 105(a), 363 and 554(a) of the Bankruptcy Code, Bankruptcy Rule 6004 and Local Rule 6004(a).

30054664.3

**Background**

3. On October 8, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 137]* dated October 29, 2019 and the *Acceptance of Appointment [Docket No. 166]* filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5. On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "Committee").

**Relief Requested**

6. The estate owns certain miscellaneous assets (collectively, the "Miscellaneous Assets") that have significantly less value to the estate after taking into account the costs of liquidation and legal costs to process individual sale motions.[1] By this Motion, the Chapter 11 Trustee respectfully requests the entry of the Proposed Order authorizing and establishing procedures for the sale or abandonment of the Miscellaneous Assets and granting certain related relief.

**Miscellaneous Sale and Abandonment Procedures**

7. The Chapter 11 Trustee is in the process of monetizing the Debtor's estate. The Miscellaneous Assets are unnecessary for the administration of the Debtor's estate.

8. Given the Miscellaneous Assets' relatively reduced value, the Chapter 11 Trustee submits that selling the Miscellaneous Assets through efficient procedures will reduce costs and

---

[1] The Miscellaneous Assets include, among other things, artwork, jewelry and watches, gold and silver bars and coins, jet skis, furniture, and other property that has not yet been sold through the sale efforts described herein.

30054664.3

other administrative expenses that otherwise would be incurred seeking authority to sell such assets through separate motions. Therefore, the Chapter 11 Trustee proposes the procedures set forth below to streamline the sale, transfer and disposition process and ensure that parties in interest receive adequate notice of such sales. The proposed procedures described herein will allow the Chapter 11 Trustee to sell or dispose of the Miscellaneous Assets in an efficient and cost-effective manner and are consistent with the customary procedures approved by this and other courts.

9. The Chapter 11 Trustee proposes that each Miscellaneous Asset sale be for the highest and best offer received, taking into consideration the exigencies and circumstances in each such sale, under the following procedures (the "Miscellaneous Asset Sale Procedures"):

   a. For any asset sale(s) to a single buyer or group of related buyers with an aggregate selling price less than $10,000, the Chapter 11 Trustee is authorized to sell the Miscellaneous Assets without notice or further court order.

   b. For any asset sale with a purchase price greater than $10,000 but less than $75,000:

      i. The Chapter 11 Trustee shall file on the docket a notice (a "Miscellaneous Sale Notice") which will be served on (i) any known affected creditor asserting a Lien on any assets subject to such sale; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to KeyBank, National Association; and (v) the general service list established in the chapter 11 case pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). Such notice shall contain: (i) a general description of the Miscellaneous Assets subject to the sale; (ii) the proposed purchaser of the Miscellaneous Assets; (iii) any commissions to be paid to third parties used to sell or auction the Miscellaneous Assets; (iv) a summary of the material terms of the sale; and (v) instructions consistent with the terms described herein regarding the procedures to assert objections to the proposed sale.

      ii. If none of the Notice Parties file or serve upon counsel to the Chapter 11 Trustee a written objection (including by email) within five (5) days of receipt of such Miscellaneous Sale Notice, then the Chapter 11 Trustee may immediately consummate the transaction, including making any disclosed payments to third-party brokers or auctioneers. If an objection is filed or served within such period that cannot be resolved, such assets shall not

3

        be sold except upon further order of this Court after notice and a hearing.

   c. For any asset sale(s) to a single buyer or group of related buyers with an aggregate selling price greater than $75,000, the Chapter 11 Trustee shall file a separate motion seeking approval from the Court with respect to such sale(s).

   d. Nothing in the foregoing procedures will prevent the Chapter 11 Trustee, in his sole discretion, from seeking this Court's approval at any time of any proposed transaction (regardless of value) upon notice and a hearing.

10. To the extent any Miscellaneous Assets cannot be sold at a price greater than the cost of liquidating such assets, the Chapter 11 Trustee seeks authority to abandon such Miscellaneous Assets in accordance with the following procedures (the "Miscellaneous Asset Abandonment Procedures" and, together with the Miscellaneous Asset Sale Procedures, the "Miscellaneous Asset Procedures"):

   a. For any Miscellaneous Assets, regardless of value, that the Chapter 11 Trustee seeks to abandon pursuant to these procedures:

      i. The Chapter 11 Trustee shall file on the docket a notice (an "Abandonment Notice") which shall be served on (a) the Notice Parties and (b) the party owning or operating the location where the property is to be abandoned. Such Abandonment Notice shall contain (i) a general description of the Miscellaneous Assets to be abandoned, (ii) a summary of the Chapter 11 Trustee's reasons for such abandonment, and (iii) the book value of the property to be abandoned.

      ii. If none of the Notice Parties file or serve upon counsel to the Chapter 11 Trustee a written objection (including by email) within five (5) days of receipt of such Abandonment Notice, then the Chapter 11 Trustee may immediately abandon the assets. If an objection is filed or served within such period that cannot be resolved, such assets shall not be abandoned except upon further order of this Court after notice and a hearing.

**Basis for Relief**

A.   **Sale of Miscellaneous Assets**

11.   The Chapter 11 Trustee seeks authority to sell the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures in his sound business judgment pursuant to section 363(b)(1) of the Bankruptcy Code, in an expeditious manner to minimize depreciation of these assets. If the relief requested herein is granted, the Chapter 11 Trustee will be able to avoid many of the unnecessary costs associated with maintaining, retaining, storing and liquidating Miscellaneous Assets that have limited value relative to the totality of the Debtor's estate.

12.   Moreover, the Miscellaneous Asset Sale Procedures will also reduce the burden on the Court's docket while protecting the interests of all creditors with an interest in the assets through the opportunity to object and obtain a hearing if necessary. Obtaining approval from the Court for each sale transaction would result in unnecessary administrative costs attendant to drafting, serving and filing pleadings, as well as time incurred by attorneys for appearing at Court hearings, which could significantly reduce the ultimate net value of these assets.

13.   The Chapter 11 Trustee and his advisors have significant experience with sales such as these and are very well versed in obtaining the best sale price possible. The Miscellaneous Asset Sale Procedures set forth herein will permit the Chapter 11 Trustee to be responsive to the needs of interested purchasers, thereby guarding against lost sales due to delay, while still providing for a review of the proposed transaction by all parties receiving notice.

14.   In order to facilitate the proposed sale transaction, the Chapter 11 Trustee requests that the Court authorize the sales of Miscellaneous Assets pursuant to this Motion be made free and clear of any and all Liens, with any such Liens to be transferred and attached to the net sale proceeds. The Chapter 11 Trustee believes that the Miscellaneous Asset Sale Procedures satisfy

the requirements of Section 363(f). If a holder of Liens does not object within the prescribed time period, such holder will be deemed to have consented to the proposed sale and the Miscellaneous Assets may then be sold free and clear of such holder's Liens.

15. In approving the sales free and clear of Liens, the Chapter 11 Trustee requests that the Court find and hold that all purchasers of Miscellaneous Assets, in accordance with the procedures set forth herein, are entitled to the protections afforded by section 363(m) of the Bankruptcy Code. Such relief is appropriate in light of the opportunity for review and objection by the Notice Parties. The Chapter 11 Trustee submits that any agreement reached as a result of a sale of the Miscellaneous Assets will be an arm's length transaction entitled to the protections of section 363(m).

**B.    Abandonment of Miscellaneous Assets**

16. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Courts generally give a Chapter 11 Trustee great deference to its decision to abandon property. *See, e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once an appointed trustee has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id.*

17. The Chapter 11 Trustee expects to take all reasonable steps to sell Miscellaneous Assets. The costs associated with sales of certain Miscellaneous Assets, however, may exceed any possible proceeds thereof. The inability to consummate a commercially reasonable sale of Miscellaneous Assets would indicate that these Miscellaneous Assets have no meaningful

monetary value to the Debtor's estate.  Accordingly, the Chapter 11 Trustee contends that, in such circumstances, the abandonment of Miscellaneous Assets pursuant to the Miscellaneous Asset Abandonment Procedures is in the best interests of the Debtor's estate.

18.     In light of the demonstrable benefits of streamlined procedures to sell, transfer or abandon Miscellaneous Assets, courts have approved similar procedures in other chapter 11 cases. *See, e.g., In re Hobbico, Inc.,* Case No. 18-10055 (KG) (Bankr. D. Del. May 16, 2018) (approving miscellaneous asset sale procedures for sale of assets up to $200,000 and establishing abandonment procedures); *In re General Wireless Operations Inc. d/b/a Radioshack*, Case No. 17-10506 (BLS) (Bankr. D. Del. May 25, 2017) (approving miscellaneous asset sale procedures for sale of assets up to $250,000 and establishing abandonment procedures); *In re Malibu Lighting Corporation*, Case No. 15-12080 (KG) (Bankr. D. Del. Apr. 4, 2016 (approving miscellaneous asset sale procedures for sale of assets up to $250,000 and establishing abandonment procedures); *In re TPOP, LLC,* Case No. 13-11831 (BLS) (Bankr. D. Del. Dec. 9, 2013) (approving miscellaneous sale procedures for sale of assets up to $250,000 and establishing abandonment procedures); *In re Propex Inc., et al.*, Case No. 08-10249 (NWW) (Bankr. E.D. Tenn. Apr. 9, 2008) (approving miscellaneous sale procedures for sale of assets not to exceed $500,000).

## Reservation of Rights

19.     Except to the extent provided otherwise, nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and his estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and his estate with respect to the validity, priority, or amount of any claim against the Debtor and his estate; or (c) shall be construed as a promise to pay a claim.

**Notice**

20. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the Secretary of State for the Western District of Michigan; (e) the Michigan Department of Treasury; (f) counsel to the Committee; (g) counsel to KeyBank National Association; and (h) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Chapter 11 Trustee respectfully submits that no further notice is necessary.

**WHEREFORE** the Chapter 11 Trustee respectfully requests entry of the proposed order granting the relief requested herein and such other relief as is just and proper.

Dated:   December 3, 2019

Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller
Thomas C. Wolford
**NEAL, GERBER & EISENBERG LLP**
Two N. LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile:  (312) 269-1747
nmiller@nge.com
twolford@nge.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com

30054664.3