**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In Re<br><br>NAJEEB AHMED KHAN,<br><br>Debtor. | Case No: 19-04258 (SWD)<br>Chapter 11 |

**CHAPTER 11 TRUSTEE'S MOTION FOR APPROVAL OF SALE AND AUTHORITY TO ENTER INTO RELATED ESCROW AGREEMENT WITH NANCY KHAN**
**(23411 Lakeview Drive, Edwardsburg, Michigan)**

Mark T. Iammartino, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), hereby moves for an order approving the sale of certain real property commonly known as 23411 Lakeview Drive in Edwardsburg, Michigan, and authorizing him to enter into an agreement with Nancy Khan providing for the escrow of the sale proceeds (the "**Escrow Agreement**"). In support thereof, the Chapter 11 Trustee states as follows:

**JURISDICTION**

1. This court (the "**Court**") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are Sections 105 and 363 of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

3. Najeeb Ahmed Khan (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

29994661.5

4.      Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 137]* dated October 29, 2019 and the *Acceptance of Appointment [Docket No. 166]* filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5.      On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "**Committee**").

*Mrs. Khan and the Separate Maintenance Action*

6.      Nancy L. Khan ("**Mrs. Khan**") is the Debtor's wife of nearly thirty years.

7.      On August 9, 2019, Mrs. Khan filed an action for separate maintenance (the "**Separate Maintenance Action**"), which is pending in the 43rd Circuit Court for Cass County, Michigan, Family Court (the "**Family Court**"), Case No. 19-00418-DO.

8.      Among other relief, Mrs. Khan has requested that the Family Court determine spousal support and the equitable division of marital assets acquired during her marriage to Debtor pursuant to MCL 552.7.

9.      On October 11, 2019, the Debtor and Mrs. Khan submitted a Stipulation to Stay Proceedings in the Family Court, pending further order of the Bankruptcy Court.

*23411 Lakeview Drive*

10.     Mrs. Khan is the sole title holder of 23411 Lakeview Drive, legally described as:

>   Real Estate located in the Township of Ontwa, County of Cass, State of Michigan and described as:
>
>   The East 35 feet of Lot Number 26, Block 1; Lots numbered 27 and 28, Block I; all in Ferrelldale, according to the plat thereof as recorded in Liber I of Plats, page 142, Cass County Records.

A copy of the Warranty Deed for 23411 Lakeview Drive is attached as <u>Exhibit A</u>.

29994661.5

11.     Though the Debtor does not hold record title to the property, the Debtor's estate may hold a contingent interest in 23411 Lakeview Drive as marital property subject to equitable division.

12.     The Chapter 11 Trustee does not believe there is any other person or entity that has an interest in 23411 Lakeview Drive.

*The Offer for 23411 Lakeview Drive*

13.     Pursuant to the Buy and Sell Agreement attached as <u>Exhibit B</u> (the "**Sale Contract**"), Jonathan T. Slocum and Lindsay A. Slocum (collectively, the "**Buyers**") have agreed to purchase 23411 Lakeview Drive from Mrs. Khan for the sum of $750,000.00 (the "**Purchase Price**").  The Buyers have required a closing on or before December 15, 2019.

14.     The real estate broker is At Home Realty Group.  The commission is a flat rate of $10,000.00.

15.     The Chapter 11 Trustee has investigated the proposed sale and has determined the following to the best of his knowledge:  (i) the Buyers have no prior relationship with the Debtor and/or Mrs. Khan and are disinterested, third-party purchasers; (ii) the Sale Contract was negotiated, proposed, and entered into by Mrs. Khan and Buyers without collusion and in good faith, and resulted from an arm's length transaction; (iii) the proposed Purchase Price is a fair offer based on market conditions, a recent appraisal, and comparable transactions; and (iv) the broker's proposed commission is fair based on the market for such services.

*The Escrow Agreement*

16.     As a condition to the closing of the sale, the Chapter 11 Trustee requests this court's approval of an escrow agreement that incorporates the following terms (the "**Escrow Agreement**"):

29994661.5

- As part of the closing, Mrs. Khan and the Chapter 11 Trustee will escrow the Purchase Price, less the broker's commission and any other items required by the Sale Agreement to be paid at the closing (the "**Sale Proceeds**");

- The Chapter 11 Trustee will open a segregated account at Axos Bank (the "**Segregated Account**") for the sole purpose of holding the Sale Proceeds; and

- The Chapter 11 Trustee will not be permitted to use the funds in the Segregated Account for any purpose absent further order of this Court.

## AUTHORITY FOR RELIEF REQUESTED

17. Section 363 of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363. See, e.g., Stephens Indus., Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2nd Cir. 1983)). "A sale of assets is appropriate if all provisions of §363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors." See, Matter of Embrace Sys. Corp., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) quoting In re Charlesbank Laundry Co., 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

18. Section 105(a) of the Bankruptcy Code provides: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of an order unless the Court orders otherwise.

20. Here, there is ample reason to approve the sale and authorize entry into the Escrow Agreement as an exercise of the Chapter 11 Trustee's sound business judgment. Among other

29994661.5

things: (a) the proposed sale represents a reasonable offer for the property, in which the estate may have an interest, and (b) the Escrow Agreement represents a reasonable mechanism for the Chapter 11 Trustee and Mrs. Khan to maintain the *status quo* following the sale of 23411 Lakeview Drive by securing the Sale Proceeds in a segregated account pending a final resolution of Mrs. Khan's proposed division of marital assets, including her asserted interest in 23411 Lakeview Drive.

21. Moreover, given the upcoming December 15, 2019, deadline for closing the sale, the Chapter 11 Trustee requests that the Court enter an order (i) authorizing the sale to take immediate effect notwithstanding Fed. R. Bankr. P. 6004(h), to the extent it applies, so that the sale may close immediately following entry of the order; and (ii) requiring that the Sale Proceeds be placed in a Segregated Account pursuant to the terms of the Escrow Agreement until further order of this Court.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) granting the Motion, (ii) waiving the 14-day period set forth in Fed. R. Bankr. P. 6004(h), to the extent it applies; (iii) requiring that the Sale Proceeds be placed in a Segregated Account pursuant to the terms of the Escrow Agreement until further order of this Court; and (iv) granting the Chapter 11 Trustee such further relief as is appropriate.

Dated:   December 4, 2019                Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller
Thomas C. Wolford
**NEAL, GERBER & EISENBERG LLP**
Two N. LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile:  (312) 269-1747
nmiller@nge.com
twolford@nge.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com

29994661.5