## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In Re

NAJEEB AHMED KHAN,

　　　　　　Debtor.

Case No:  19-04258 (SWD)
Chapter 11

### CHAPTER 11 TRUSTEE'S MOTION FOR AUTHORITY TO SELL (I) 2010 SUNSEEKER MANHATTAN 60 YACHT, AND (II) 2018 WILLIAMS JET TENDERS 385s TURBOJET, FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES, WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f)

Mark T. Iammartino, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), hereby moves for entry of an order, substantially in the form attached hereto as Exhibit A, approving the sale of a certain (i) 2010 Sunseeker Manhattan 60 (with Hull No. ending in 6K910) (the "**Yacht**") and (ii) 2018 Williams Jet Tenders 385s Turbojet (the "**Tender**"), free and clear of all liens, interests and encumbrances with such liens, interests, and encumbrances attaching to the proceeds of the sale, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code.  In support thereof, the Chapter 11 Trustee states as follows:

### JURISDICTION

1.　　　　This court (the "**Court**") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.　　　　The statutory bases for the relief sought herein are Sections 363(b) and 363(f) of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.      Najeeb Ahmed Khan (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

4.      Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 137]* dated October 29, 2019 and the *Acceptance of Appointment [Docket No. 166]* filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5.      On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "**Committee**").

### *The Yacht and the Tender*

6.      As of the Petition Date, the Debtor owned an extensive collection of cars and boats, including the Yacht and the Tender (together, the "**Vessels**"), which were moored at Catawba Island Club, 4235 E. Beach Club Rd., Port Clinton, Ohio 43452.  The Yacht is 60 feet long, and the Tender is a 12-foot, fiberglass motorized dinghy that the Debtor generally carried onboard the larger Yacht.

7.      Since the Petition Date, the Chapter 11 Trustee has pulled the Vessels from the water and placed them in dry storage for safety and security for the winter.

8.      The Debtor's wife, Nancy Khan, has asserted a 50% interest in the Vessels, both of which are encumbered by a lien granted in favor of KeyBank National Association dated July 19, 2019.[1]

---

[1]      The lien is in dispute and is subject to an adversary proceeding being prosecuted by the Chapter 11 Trustee in Adversary Case No. 19-80119-swd (the "**Adversary Proceeding**").

***The Offer For The Yacht and the Tender***

9.      Jefferson Beach Yacht Sales has marketed the Vessels and secured a buyer willing to purchase them on the terms set forth in the agreements attached as <u>Exhibit B</u> (for the Yacht) and <u>Exhibit C</u> (for the Tender) (together, the "**Sale Contracts**").[2]  Those terms include the following:

- Buyer (for both Vessels):  Michael E. Hosford (the "**Buyer**")

- Yacht Purchase Price:  $865,000[3] (the "**Yacht Purchase Price**")

- Yacht Deposit:  $86,500 (the "**Yacht Deposit**")

- Tender Purchase Price:  $40,000 (the "**Tender Purchase Price**")

- Tender Deposit:  $4,000 (the "**Tender Deposit**")

- Cost of Moving the Vessels:  paid by Buyer

- Closing Date:  on or before February 21, 2020

10.      The Sale Contracts also contain two provisions to protect the Buyer in light of the fact that the Buyer cannot fully test and inspect the Vessels until Spring, when weather permits the Chapter 11 Trustee to get the Vessels out of dry dock and back in the water.

11.      *First*, upon entry of an order approving the Sale Contracts, the Buyer will have two weeks to retain a surveyor and conduct structural surveys of both Vessels.  The Buyer will pay for the surveys and will have until February 7, 2020 (the "**Termination Deadline**") by which to terminate the Sale Contracts based on the results of the surveys and receive a refund of the Deposits.  If the Buyer does not terminate the Sale Contracts on or before the Termination Deadline, then the Buyer will be bound to close on the sale and remit the remainder of the Purchase Price (for both Vessels) to the Chapter 11 Trustee.  The closing for both Sale Contracts will be on or before February 21, 2020.

---

[2]      The Chapter 11 Trustee has filed a separate application to retain Jefferson Beach Yacht Sales as broker.

[3]      The Debtor listed the Yacht with a value of $949,000 on Schedule A/B, 4.6 [Docket No. 224].

12.     *Second*, upon receipt of the Yacht Purchase Price, the Chapter 11 Trustee will hold $25,000 of such amount in escrow (the "**Escrow**").  The Buyer has requested the Escrow because he will not have an opportunity to conduct a final sea trial for the Yacht (the "**Sea Trial**") until the Spring.  The Sea Trial will enable the Buyer to identify specific types of potentially needed repairs that could not have been identified in the out-of-water survey (the "**Post-Closing Repair Categories**").  The Buyer must identify any required repairs in the Post-Closing Repair Categories as soon as the Sea Trial has been concluded (the "**Escrow Claim Deadline**"), which in no event may occur after May 1, 2020 without the consent of the Chapter 11 Trustee.

13.     The Escrow shall be the Buyer's sole remedy for any such needed repairs identified during the Sea Trial.  If the Buyer does not notify the Chapter 11 Trustee of any needed repairs in the Post-Closing Repair Categories before the Escrow Claim Deadline, then the Buyer will be deemed to have waived any right to the Escrow funds, and the Chapter 11 Trustee may keep such funds in their entirety.  If the Buyer notifies the Chapter 11 Trustee of such needed repairs, the Chapter 11 Trustee may elect to either (a) make the repairs or (b) release sufficient funds from the Escrow for the Buyer to make the necessary repairs.

14.     If the Buyer notifies the Chapter 11 Trustee of such needed repairs that cost more than the amount of the Escrow fund, then the Chapter 11 Trustee may surrender the Escrow funds in full satisfaction of any further obligations under the Sale Contract.

## AUTHORITY FOR RELIEF REQUESTED

### *Entry Into The Sale Contract Represents Sound Business Judgment*

15.     Section 363(b) of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ."  11 U.S.C. § 363(b)(1).  Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363.  See, e.g., Stephens Indus., Inc. v.

30074081.5                                          - 4 -

McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983)).  "A sale of assets is appropriate if all provisions of § 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors."  See Matter of Embrace Sys. Corp., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) quoting In re Charlesbank Laundry Co., 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

16.      Here, the Chapter 11 Trustee has determined that selling the Vessels to the Buyer pursuant to the terms of the Sale Contracts is in the best interests of the estate and creditors.  Among other things, the Sale Contracts permit the Chapter 11 Trustee to:  (a) quickly convert the Vessels into cash at a fair price, based on the Chapter 11 Trustee's assessment of the market and the Vessels' overall condition; (b) avoid the costs and uncertainty associated with holding onto the Vessels for an extended period of time; and (c) avoid transport and storage costs that would accrue if the sale were not consummated expeditiously.

***The Sale Satisfies The Free And Clear Requirements of Section 363(f)***

17.      Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

18.     Section 363(f) of the Bankruptcy Code is drafted in the disjunctive.   Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Chapter 11 Trustee's sale of the Vessels free and clear of all liens, claims, rights, interests, and encumbrances as provided in the Sale Contracts (collectively, the "Interests").  See Citicorp Homeowners Services, Inc. v. Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988).

19.     Here, the Chapter 11 Trustee submits that each Interest satisfies at least one of the five conditions of § 363(f) of the Bankruptcy Code, and that any such Interest will be adequately protected by having it attach to the net proceeds of the sale, subject to any claims and defenses the Debtor's estate may possess with respect thereto.  Because both Nancy Khan and KeyBank consent to the sale, § 363(f) has been satisfied.  Accordingly, the Chapter 11 Trustee requests that the Vessels be transferred to the Buyer free and clear of all Interests, with such Interests to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the Vessels.

***The Sale Should Take Effect Immediately***

20.     Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of an order unless the Court orders otherwise, the Chapter 11 Trustee requests that the Court enter an order authorizing the sale to take immediate effect notwithstanding Fed. R. Bankr. P. 6004(h).

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached to this Motion as Exhibit A, (i) granting the Motion, (ii) waiving the 14-day period set forth in Fed. R. Bankr. P. 6004(h); and (iii) granting the Chapter 11 Trustee such further relief as is appropriate.

Dated:    December 30, 2019              Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller
Thomas C. Wolford
**NEAL, GERBER & EISENBERG LLP**
Two N. LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile:  (312) 269-1747
nmiller@nge.com
twolford@nge.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com