### UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re<br><br>NAJEEB AHMED KHAN,<br><br>    Debtor. | Case No:  19-04258 (SWD)<br>Chapter 11 |

### CHAPTER 11 TRUSTEE'S MOTION FOR AUTHORITY TO SELL 1967 PONTIAC FIREBIRD (VIN: -9259) FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f)

Mark T. Iammartino, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), hereby moves for entry of an order, substantially in the form attached hereto as Exhibit A, approving the sale of a certain 1967 Pontiac Firebird (with VIN/Chassis # -9259) (the "**Vehicle**") free and clear of all liens, interests and encumbrances with such liens, interests, and encumbrances attaching to the proceeds of the sale, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code.  In support thereof, the Chapter 11 Trustee states as follows:

### JURISDICTION

1.      This court (the "**Court**") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief sought herein are Sections 363(b) and 363(f) of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.      Najeeb Ahmed Khan (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

4.      Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 137]* dated October 29, 2019 and the *Acceptance of Appointment [Docket No. 166]* filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5.      On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "**Committee**").

***The Vehicle***

6.      As of the Petition Date, the Debtor owned an extensive collection of classic and other cars, including the Vehicle.

7.      The Vehicle is stored in a commercial warehouse located in Scottsdale, Arizona (the "**Warehouse**").   The Warehouse is owned by the Debtor's solely owned subsidiary, NJ Realty, LLC ("**NJ Realty**"), which currently is itself a debtor in this Court, Case No. 19-04266 (the "**NJ Realty Bankruptcy Case**").   The Warehouse was sold pursuant to the sale order entered on December 20, 2019 in the NJ Realty Bankruptcy Case (Docket No. 115) (the "**Warehouse Sale**").

8.      The Vehicle is a "project" car that has been disassembled, with parts in various stages of repair.   Among other things, its axles, wheels, and engine all have been removed for restoration.

9.      The Chapter 11 Trustee has several options for dealing with the Vehicle.   Among other things, he could sell the Vehicle "as is" to a buyer willing to restore the Vehicle, or he could

restore the Vehicle first before selling it in its finished form.  The Chapter 11 Trustee must make this decision before the closing on the sale of the Warehouse in the NJ Realty Bankruptcy Case.

*The Offer For The Vehicle*

10.     The Trustee has marketed the assets and secured a buyer willing to purchase the Vehicle "as is" on the terms set forth in the agreement attached as <u>Exhibit B</u> (the "**Sale Contract**"). Those terms include the following:

- Buyer:  Tom Brawner (the "**Buyer**")

- Purchase Price:  $22,500[1]

- Cost of Moving the Vehicle:  paid by Buyer

- Closing Date:  on or before February 18, 2020

## <u>AUTHORITY FOR RELIEF REQUESTED</u>

*Entry Into The Sale Contract Represents Sound Business Judgment*

11.     Section 363(b) of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ."  11 U.S.C. § 363(b)(1).  Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363.  <u>See</u>, <u>e.g.</u>, <u>Stephens Indus., Inc. v. McClung</u>, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing <u>Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)</u>, 722 F.2d 1063, 1070 (2d Cir. 1983)).  "A sale of assets is appropriate if all provisions of § 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors."  <u>See</u> <u>Matter of Embrace Sys. Corp.</u>, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) quoting <u>In re Charlesbank Laundry Co.</u>, 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

---

[1]     The Debtor listed the Vehicle with a value of $10,000 on Schedule A/B, 3.195 [Docket No. 224].

12.     Here, the Chapter 11 Trustee has determined that selling the Vehicle to the Buyer pursuant to the terms of the Sale Contract is in the best interests of the estate and creditors.  Among other things, the Sale Contract permits the Chapter 11 Trustee to:  (a) quickly convert the Vehicle into cash at a fair price, based on the Chapter 11 Trustee's assessment of the market and the Vehicle's overall condition; (b) avoid the costs and uncertainty associated with holding onto the Vehicle for an extended period of time; (c) avoid transport and storage costs that would accrue if the sale were not consummated before the closing on the sale of the Warehouse in the NJ Realty Bankruptcy Case; and (d) avoid the expense and risk of cost overruns associated with restoring the Vehicle.  Moreover, the Sale Contract permits the Chapter 11 Trustee to quickly monetize this asset without incurring the time, expense, and risk of assembling the Vehicle and transporting it across the country to Elkhart, Indiana, for inclusion in the auction of the estate's classic car collection in May 2020.

***The Sale Satisfies The Free And Clear Requirements of Section 363(f)***

13.     Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

14.     Section 363(f) of the Bankruptcy Code is drafted in the disjunctive.  Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Chapter 11 Trustee's sale of the Vehicle free and clear of all liens, claims, rights, interests, and encumbrances as provided in the Sale Contract (collectively, the "Interests").  See Citicorp Homeowners Services, Inc. v. Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988).

15.     Here, the Chapter 11 Trustee submits that each Interest satisfies at least one of the five conditions of § 363(f) of the Bankruptcy Code, and that any such Interest will be adequately protected by having it attach to the net proceeds of the sale, subject to any claims and defenses the Debtor's estate may possess with respect thereto.  Among other things, the Vehicle is encumbered by a lien granted in favor of KeyBank National Association dated July 19, 2019.[2]  Because KeyBank consents to the sale, § 363(f) has been satisfied.  Accordingly, the Chapter 11 Trustee requests that the Vehicle be transferred to the Buyer free and clear of all Interests, with such Interests to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the Vehicle.

***The Sale Should Take Effect Immediately***

16.     Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of an order unless the Court orders otherwise.

17.     Here, given the pending closing on the sale of the Warehouse in the NJ Realty Bankruptcy Case (and the associated transport and storage costs that would result if the sale of the Vehicle were not consummated before the closing of the sale of the Warehouse), the Chapter 11 Trustee requests that the Court enter an order authorizing the sale to take immediate effect notwithstanding Fed. R. Bankr. P. 6004(h).

---

[2]     The lien is in dispute and is subject to an adversary proceeding being prosecuted by the Chapter 11 Trustee in Adversary Case No. 19-80119-swd (the "**Adversary Proceeding**").

## CONCLUSION

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached to this Motion as Exhibit A, (i) granting the Motion, (ii) waiving the 14-day period set forth in Fed. R. Bankr. P. 6004(h); and (iii) granting the Chapter 11 Trustee such further relief as is appropriate.

Dated:    January 14, 2020                     Respectfully submitted,

                                               **MARK IAMMARTINO, Chapter 11 Trustee**


                                               _/s/ Nicholas M. Miller_
                                               Nicholas M. Miller
                                               Thomas C. Wolford
                                               **NEAL, GERBER & EISENBERG LLP**
                                               Two N. LaSalle Street, Suite 1700
                                               Chicago, IL 60602
                                               Telephone: (312) 269-8000
                                               Facsimile:   (312) 269-1747
                                               nmiller@nge.com
                                               twolford@nge.com

                                               - and -

                                               Rachel L. Hillegonds
                                               **MILLER, JOHNSON, SNELL &**
                                               **CUMMISKEY, P.L.C.**
                                               45 Ottawa Ave. SW, Suite 1100
                                               Grand Rapids, MI  49503
                                               Telephone:  (616) 831-1711
                                               Facsimile:  (616) 831-1701
                                               hillegondsr@millerjohnson.com