# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NAJEEB AHMED KHAN, | Case No. 19-04258-swd |
| Debtor. | |

## IOI ENTITIES' MOTION TO EXTEND THE
## DEADLINE TO FILE COMPLAINT PURSUANT TO 11 U.S.C. § 523

Interlogic Outsourcing, Inc., IOI Payroll Services, Inc., TimePlus Systems, LLC, IOI West, Inc., Lakeview Technology, Inc., Lakeview Holdings, Inc., and ModEarn, Inc. (collectively, the "IOI Entities") respectfully submit this motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the time period by which parties in interest may file a complaint under section 523 of title 11 of the United States Code (the "Bankruptcy Code") until the first date set for the hearing on the confirmation of a chapter 11 plan in this case, without prejudice to their rights to request further extensions or to seek other appropriate relief. In support of this motion, the IOI Entities respectfully state as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the Western District of Michigan (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The IOI Entities confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 523 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 4007.

## Background

1. On October 8, 2019 (the "Petition Date"), Najeeb Ahmed Khan (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 137], dated October 29, 2019 and the *Acceptance of Appointment* [Docket No. 166], filed November 4, 2019, Mark. T. Iammartino is the duly appointed chapter 11 trustee in this case (the "Chapter 11 Trustee").

2. The IOI Entities are creditors in this chapter 11 case, holding claims against the Debtor as a result of his fraudulent scheme perpetrated while he was the CEO and President of the IOI Entities.

3. On October 29, 2019, the United States Trustee for the Western District of Michigan (the "U.S. Trustee") filed a *Notice of Chapter 11 Bankruptcy Case* [Docket No. 140-1], which scheduled a meeting of creditors pursuant to section 341 of the Bankruptcy Code on November 22, 2019 (the "341 Meeting") and set January 21, 2020 as the deadline to object to dischargeability of certain debts under section 523 of the Bankruptcy Code.

4. On November 1, 2019, the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "Committee").

5. The 341 Meeting was held on November 22, 2019.

6. On November 1, 2019 the Clerk of the Court served the *Notice to Creditors and Other Parties in Interest of Provisions Under 11 U.S.C. Section 522(q)(1)* [Docket Nos. 140, 158] (the "522 Notice"), providing for a 21-day deadline for interested parties "to file an objection to

the entry of an order of discharge on grounds that 11 USC Section 522(q)(1) may be applicable to the debtor(s) and that a proceeding is pending in which the debtor(s) may be found guilty of a felony as described in 11 USC Section 522(q)(1)(A) or may be liable for a debt as described in 11 USC Section 522(q)(1)(b)."

7. Multiple parties in interest filed responses in connection with the 522 Notice, including the IOI Entities [Docket No. 232]. On November 26, 2019, the Court entered the *Order Cancelling Hearings Regarding Notice Under § 522q* [Docket No. 252] (the "522 Order"), vacating the Notice and stating that the deadlines set forth in Bankruptcy Rules 4003(b) and 4004(a) would apply to any objections to exemptions based on section 522(q) of the Bankruptcy Code. The 522 Order, however, did not extend the deadline set by Bankruptcy Rule 4007(c) regarding objections to dischargeability pursuant to section 523(c)(1) of the Bankruptcy Code.

## Relief Requested

8. The IOI Entities file this motion out of an abundance of caution seeking entry of an Order extending the time period by which parties in interest may file a complaint challenging dischargeability under section 523 of the Bankruptcy Code (the "523 Deadline") to the first date set for the hearing on confirmation of a chapter 11 plan in this case, without prejudice to their rights to request further extensions or to seek other appropriate relief. If granted, this request would make the deadlines the same for the time period to object to discharge on section 522(q) grounds pursuant to Bankruptcy Rule 4004(a), on one hand, and the period to file a complaint under section 523(c) and Bankruptcy Rule 4007(c), on the other hand.

9. Under Bankruptcy Rule 4007(c), the original 523 Deadline is set to expire on January 21, 2020, *i.e.*, 60 days after the 341 Meeting, which was held on November 22, 2019. [Docket No. 140]. Because the Debtor owes significant debt on account of a massive fraudulent scheme perpetrated through his position as CEO and President of the IOI Entities, which the IOI

Entities and other parties in interest need additional time to fully investigate, and because the Debtor remains subject to an ongoing criminal investigation for fraud, among other things, the IOI Entities respectfully request additional time to file a complaint under section 523 of the Bankruptcy Code challenging the Debtor's ability to discharge certain debts.

### Basis for Relief

10. The Court has authority to extend the 523 Deadline. Bankruptcy Rule 4007(c) states, "[o]n motion of any party in interest, after hearing on notice, the court may *for cause* extend the time fixed under this subdivision" (emphasis added). The rule further states that any extension motion must be filed before the applicable deadline has expired. Fed. R. Bankr. P. 4007(c).

11. As an initial matter, this motion has been filed prior to the expiration of the 523 Deadline, which is set to expire on January 21, 2020. *See In re Lufkin*, 256 B.R. 876, 879 (Bankr. E.D. Tenn. 2000) (refusing to extend the deadline to file a complaint under section 523 of the Bankruptcy Code where the creditor failed to file the request prior to the expiration of the deadline set forth in Bankruptcy Rule 4007(c)).

12. Further, there is sufficient cause to extend the deadline because the IOI Entities continue to work to discover the full extent of the Debtor's fraudulent scheme perpetrated while he was the IOI Entities' CEO and President. The IOI Entities believe that the Debtor used his position as the IOI Entities' CEO and President to perpetrate a significant and ongoing scheme of intentional financial mismanagement against the IOI Entities, their customers, and their financial institutions. More specifically, the IOI Entities believe that the Debtor orchestrated a sophisticated scheme of intercompany wires that allowed him to divert millions of dollars from the IOI Entities, including funds deposited by the IOI Entities' customers for the purpose of satisfying those customers' payroll and withholding tax obligations.

13. These fraudulent activities have resulted in a federal investigation. The Debtor acknowledged the existence of this investigation in the *Debtor's Emergency Motion for (i) Entry of an Interim and Final Order (a) Authorizing It to Use Cash Collateral; and (b) Providing Adequate Protection and Other Relief* [Docket No. 21] stating, "[The Debtor's] mismanagement is . . . the subject of a pending criminal investigation. [The Debtor] is fully cooperating with federal authorities and has retained separate criminal defense counsel in that matter." This pending federal criminal investigatory proceeding remains ongoing.

14. Accordingly, the IOI Entities respectfully request that the Court extend the 523 Deadline through and including the first date set for the hearing on the confirmation of the Debtor's chapter 11 plan, without prejudice to the IOI Entities' ability to seek a further extension, in order to allow time to further investigate the Debtor's fraudulent activities.

## Notice

15. The IOI Entities have provided notice of this Motion to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the Secretary of State for the State of Michigan; (e) the Michigan Department of Treasury; (f) counsel to the Committee; (g) counsel to KeyBank National Association; (h) counsel to the Chapter 11 Trustee; and (i) all persons and entities that have filed a request for service of filings in this cases pursuant to Bankruptcy Rule 2002. The IOI Entities submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16. No prior request for the relief sought in this motion has been made to this or any other court in connection with this chapter 11 case.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the IOI Entities respectfully request (a) entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) such other relief as is just and proper.

Dated: January 21, 2020
Chicago, Illinois

*/s/ Matthew M. Murphy*
Matthew M. Murphy (admitted *pro hac vice*)
Nathan S. Gimpel (admitted *pro hac vice*)
Matthew J. Smart (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100

*Counsel to the IOI Entities*

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| NAJEEB AHMED KHAN, | ) Case No. 19-04258-swd |
| Debtor. | ) |

## ORDER EXTENDING THE
## DEADLINE TO FILE COMPLAINT PURSUANT TO 11 U.S.C. § 523

Upon the motion (the "Motion")[1] of Interlogic Outsourcing, Inc., IOI Payroll Services, Inc., TimePlus Systems, LLC, IOI West, Inc., Lakeview Technology, Inc., Lakeview Holdings, Inc., and ModEarn, Inc. (collectively, the "IOI Entities") for entry of an order (this "Order") granting the an extension of time to file a complaint under 11 U.S.C. § 523 through and including the first date set for the hearing on the confirmation of the Debtor's chapter 11 plan, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, his creditors, and other parties in interest; and this Court having found that the IOI Entities' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time period by which parties in interest may file a complaint pursuant to section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007(c) is extended through and including the first date set for the hearing on the confirmation of the Debtor's chapter 11 plan.

3. This Order is without prejudice to the Debtors' right to request a further extension of time to file a complaint pursuant to section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007(c).

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules of the United States Bankruptcy Court for the Western District of Michigan are satisfied by such notice.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. Notwithstanding the possible applicability of Bankruptcy Rule 6004, this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

*Order prepared and submitted by:*

Matthew M. Murphy (admitted *pro hac vice*)
Nathan S. Gimpel (admitted *pro hac vice*)
Matthew J. Smart (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100

*Counsel to the IOI Entities*

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| NAJEEB AHMED KHAN, | ) Case No. 19-04258-swd |
| Debtor. | ) |

## NOTICE OF IOI ENTITIES' MOTION TO EXTEND THE
## DEADLINE TO FILE COMPLAINT PURSUANT TO 11 U.S.C. § 523

**PLEASE TAKE NOTICE** that on January 21, 2020, Interlogic Outsourcing, Inc., IOI Payroll Services, Inc., TimePlus Systems, LLC, IOI West, Inc., Lakeview Technology, Inc., Lakeview Holdings, Inc., and ModEarn, Inc. (collectively, the "IOI Entities") filed the *IOI Entities' Motion to Extend the Deadline to File Complaint Pursuant to 11 U.S.C. § 523* (the "Motion") with the United States Bankruptcy Court for the Western District of Michigan (the "Court").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing and filed with the Clerk of the Court, U.S. Bankruptcy Court for the Western District of Michigan, 1 Division Ave. N, Room 200, Grand Rapids, MI 49503, so as to be received on or before **February 4, 2020, at 4:00 p.m.** (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon: (i) counsel to the IOI Entities', Matthew Murphy, Nathan Gimpel, and Matthew Smart, Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606; (ii) the Chapter 11 Trustee, Mark T. Iammartino, Development Specialists Inc., 10 South LaSalle Street, Suite 3300, Chicago, Illinois 60603; and (iii) counsel to the Chapter 11

Trustee, Nicholas M. Miller, Neal, Gerber & Eisenberg LLP, Two N. LaSalle Street, Suite 1700, Chicago, Illinois 60602.

**PLEASE TAKE FURTHER NOTICE** that if you fail to respond in accordance with this notice, the Court may grant the relief requested in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if an objection is properly filed and served in accordance with the above procedures, a subsequent notice will be sent to you of the date, time, and location of the hearing on the objection. Only objections made in writing and timely filed will be considered by the Court at such hearing.

Dated: January 21, 2020
   Chicago, Illinois

*/s/ Matthew M. Murphy*
Matthew M. Murphy (admitted *pro hac vice*)
Nathan S. Gimpel (admitted *pro hac vice*)
Matthew J. Smart (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

*Counsel to the IOI Entities*

2

## CERTIFICATE OF SERVICE

I, Matthew M. Murphy, counsel to the IOI Entities, hereby certify that on January 21, 2020, a true and accurate copy of the foregoing was filed using the Court's ECF electronic filing system and served electronically on all parties enlisted to receive service electronically.

Additionally, on January 21, 2020, I caused Prime Clerk, LLC, the IOI Entities' noticing and claims agent, to serve a copy of the foregoing via U.S. First Class Mail on the following parties:

- Najeeb Ahmed Khan 732 S. 11th Street, #294, Niles, MI 49120;

- Mark T. Iammartino, Development Specialists Inc., 10 South LaSalle Street, Suite 3300, Chicago, IL 60603;

- Nicholas M. Miller, Neal, Gerber & Eisenberg LLP, Two N. LaSalle Street, Suite 1700, Chicago, IL 60602;

- Internal Revenue Service PO Box 7346, Philadelphia, PA 19101-7346;

- Internal Revenue Service Insolvency PO Box 330500, Stop 15, Detroit, MI 48226;

- Michigan Secretary of State, Michigan Secretary of State Building Lansing, MI 48917;

- Michigan Department of Treasury, Lansing, MI 48922; and

- Securities and Exchange Commission, 100 F Street, NE Washington, DC 20549

*/s/ Matthew M. Murphy*
Matthew M. Murphy
*One of Counsel*