UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In Re

NAJEEB AHMED KHAN,

Debtor.

Case No: 19-04258 (SWD)
Chapter 11

### ORDER APPROVING SALE OF (I) 2010 SUNSEEKER MANHATTAN 60 YACHT, AND (II) 2018 WILLIAMS JET TENDERS 385s TURBOJET, FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f)

This matter comes before the Court on *Chapter 11 Trustee's Motion for Authority to Sell (I) 2010 Sunseeker Manhattan 60 Yacht, and (II) 2018 Williams Jet Tenders 385s Turbojet, Free and Clear of All Liens, Interests and Encumbrances with Liens, Interests and Encumbrances Attaching to the Proceeds of Sale, Pursuant to 11 U.S.C. § 363(b) and § 363(f)* (the "**Motion**")[1] and the Court having reviewed the Motion; and the Court having determined that there is good and sufficient cause for the relief set forth herein; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is granted as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

2. The sales of the (a) 2010 Sunseeker Manhattan 60 yacht (with Hull No. ending in 6K910) and (b) *2018 Williams Jet Tenders 385s Turbojet* (together, the "**Vessels**"), pursuant to the terms of the Sale Contracts, are hereby approved.

3. Upon closing of the sales, the Vessels shall be transferred to the Buyer free and clear of all Interests, with such Interests to attach to the proceeds of the sales, subject to a reservation of rights of all parties who may claim an interest in the Vessels.

4. Contemporaneously with the closing of the sales of the Vessels, the Chapter 11 Trustee is authorized and directed to escrow the Sale Proceeds (including any funds later released to the Chapter 11 Trustee following the Sea Trial contemplated by the Yacht Sale Contract) according to the following terms (the "**Escrow Agreement**"):

- The Chapter 11 Trustee will escrow the purchase price, less the broker's commission and any other items required by the Sale Contract to be paid at or after the closing (the "**Sale Proceeds**");

- The Chapter 11 Trustee will use a segregated account at Axos Bank (the "**Segregated Account**") for the sole purpose of holding the Sale Proceeds and any other funds ordered by the Court to be held in the Segregated Account; and

- The Chapter 11 Trustee will not be permitted to use the Sale Proceeds in the Segregated Account for any purpose absent further order of this Court.

5. The Chapter 11 Trustee is authorized to take any actions consistent with this order and in furtherance of the sale of the Vessels.

[*Remainder of Page Intentionally Left Blank*]

6. This Order has immediate effect and will not be stayed under Fed. R. Bankr. P. 6004(h).

## END OF ORDER

*Order prepared and submitted by:*

Nicholas M. Miller
**NEAL, GERBER & EISENBERG LLP**
Two N. LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile:   (312) 269-1747
nmiller@nge.com

Counsel for Chapter 11 Trustee

**IT IS SO ORDERED.**

**Dated January 23, 2020**

Scott W. Dales
United States Bankruptcy Judge