UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re<br><br>NAJEEB AHMED KHAN,<br><br>Debtor. | Case No: 19-04258 (SWD)<br>Chapter 11 |

### CHAPTER 11 TRUSTEE'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES, WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f) (10040 E. Happy Valley Road, #789, Scottsdale, Arizona)

Mark T. Iammartino (the "**Chapter 11 Trustee**"), not individually but solely as Chapter 11 Trustee for the estate of Najeeb Khan (the "**Debtor**"), hereby moves for an order approving the sale of certain real property commonly known as 10040 E. Happy Valley Road, #789, Scottsdale, Arizona (the "**Property**"), free and clear of all liens, interests and encumbrances with such liens, interests, and encumbrances attaching to the proceeds of the sale, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code. In support thereof, the Chapter 11 Trustee states as follows:

### JURISDICTION

1. This court (the "**Court**") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are Sections 105(a), 363(b) and 363(f) of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

30202791.6

## BACKGROUND

3. Najeeb Ahmed Khan (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

4. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 137]* dated October 29, 2019 and the *Acceptance of Appointment [Docket No. 166]* filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5. On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "**Committee**").

6. The Debtor's wife, Nancy Khan ("**Mrs. Khan**"), has asserted an interest in the Property, which is encumbered by a lien granted in favor of KeyBank National Association dated July 19, 2019.[1]

*Scottsdale, Arizona Property*

7. The Debtor and Mrs. Khan are title holders of the property commonly known as 10040 E. Happy Valley Road, #789, Scottsdale, Arizona, and legally described as:

> Real Estate located in the City of Scottsdale, County of Maricopa, State of Arizona and described as:
>
> Lot 789 Desert Highlands Phase 3 MCR 025844

*The Offer for the Property*

8. The property has been on the open market for nearly five (5) months through Russ Lyon Sotheby's International Realty (the "**Broker**").[2] Pursuant to the Purchase Contract attached

---

[1] The lien is in dispute and is subject to an adversary proceeding being prosecuted by the Chapter 11 Trustee in Adversary Case No. 19-80119-swd (the "**Adversary Proceeding**").

[2] The Chapter 11 Trustee filed an application to retain the Broker on January 21, 2020 (Docket No. 369) (the "**Application**"), which remains pending. The objection deadline with respect to the Application was February 11, 2020. No objections or other responses have been file or received.

30202791.6

as <u>Exhibit A</u> (the "**Sale Contract**"), Philip Clifford Robbs and Claudia Lynay Robbs (collectively, the "**Buyers**") have agreed to purchase the Property for the sum of $2,230,300 (the "**Purchase Price**").  The total commission due at closing, to be paid from the proceeds of the sale, is 6% of the Purchase Price pursuant to the terms of the Broker's listing agreement.  The Buyers have required a closing on or before March 6, 2020.

9. The Chapter 11 Trustee has investigated the proposed sale and has determined the following to the best of his knowledge:  (i) the Buyers have no prior relationship with the Debtor and/or Mrs. Khan and are disinterested, third-party purchasers; (ii) the Sale Contract was negotiated, proposed, and entered into without collusion and in good faith, and resulted from an arm's length transaction; (iii) the proposed Purchase Price is a fair offer based on market conditions and comparable transactions; and (iv) the broker's proposed commission is fair based on the market for such services.

**AUTHORITY FOR RELIEF REQUESTED**

*Entry Into The Sale Contract Represents Sound Business Judgment*

10. Section 363 of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1).  Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363.  <u>See</u>, <u>e.g.</u>, <u>Stephens Indus., Inc. v. McClung</u>, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing <u>Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)</u>, 722 F.2d 1063, 1070 (2nd Cir. 1983)).  "A sale of assets is appropriate if all provisions of §363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors."  <u>See</u>, <u>Matter of Embrace Sys. Corp.</u>, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) quoting <u>In re Charlesbank Laundry Co.</u>, 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

11. Section 105(a) of the Bankruptcy Code provides: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Here, there is ample reason to approve the sale as an exercise of the Chapter 11 Trustee's sound business judgment. Among other things: (a) the proposed sale represents a reasonable offer for the Property, and (b) it permits the Chapter 11 Trustee to quickly convert the Property into cash at a fair price, based on the Chapter 11 Trustee's assessment of the market.

***The Sale Satisfies The Free And Clear Requirements of Section 363(f)***

13. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)

14. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Chapter 11 Trustee's sale of the Property free and clear of all liens, claims, rights, interests, and encumbrances as provided in the Sale Contract (collectively, the "**Interests**").

15. Here, the Chapter 11 Trustee submits that each Interest satisfies at least one of the five conditions of § 363(f) of the Bankruptcy Code, and that any such Interest will be adequately

protected by having it attach to the net proceeds of the sale, subject to any claims and defenses the Debtor's estate may possess with respect thereto. Because both Nancy Khan and KeyBank consent to the sale, § 363(f) has been satisfied. Accordingly, the Chapter 11 Trustee requests that the Property be transferred to the Buyers free and clear of all Interests, with such Interests to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the Property.

***The Sale Should Take Effect Immediately***

16. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of an order unless the Court orders otherwise, the Chapter 11 Trustee requests that the Court enter an order authorizing the sale to take immediate effect notwithstanding Fed. R. Bankr. P. 6004(h).

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) granting the Motion, (ii) waiving the 14-day period set forth in Fed. R. Bankr. P. 6004(h); (iii) granting the Chapter 11 Trustee such further relief as is appropriate.

Dated:   February 13, 2020

Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller
Thomas C. Wolford
**NEAL, GERBER & EISENBERG LLP**
Two N. LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile:  (312) 269-1747
nmiller@nge.com
twolford@nge.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com

30202791.6