**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In Re<br><br>NAJEEB AHMED KHAN,<br><br>Debtor. | Case No: 19-04258 (SWD)<br>Chapter 11 |

**CHAPTER 11 TRUSTEE'S MOTION (I) FOR AUTHORITY TO SELL
2008 SEA-DOO JET SKIS AND TRAILER , FREE AND CLEAR OF
ALL LIENS, INTERESTS AND ENCUMBRANCES, WITH LIENS,
INTERESTS AND ENCUMBRANCES ATTACHING TO THE
PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f)
AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)**

Mark T. Iammartino, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), hereby moves for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) approving the sale of two 2008 Sea-Doo Jet Skis and trailer (with Hull No. ending in C808) (the "**Jet Skis**"), free and clear of all liens, interests and encumbrances with such liens, interests, and encumbrances attaching to the proceeds of the sale, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code and (ii) limiting notice pursuant to Bankruptcy Rule 2002(i). In support thereof, the Chapter 11 Trustee states as follows:

**JURISDICTION**

1. This court (the "**Court**") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are Sections 363(b) and 363(f) of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3. Najeeb Ahmed Khan (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

4. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 137]* dated October 29, 2019 and the *Acceptance of Appointment [Docket No. 166]* filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5. On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "**Committee**").

*The Jet Skis*

6. As of the Petition Date, the Debtor owned an extensive collection of personal property, including the Jet Skis.

7. The Jet Skis are currently located at Stuart Jet Center in Stuart, Florida. They have been pulled from the water and are in dry storage for safety and security and to limit the Jet Skis' exposure to saltwater.

8. The Debtor's wife, Nancy Khan, has asserted an interest in the Jet Skis, which is encumbered by a lien granted in favor of KeyBank National Association dated July 19, 2019.[1]

*The Offer For The Jet Skis*

9. The Chapter 11 Trustee has marketed the Jet Skis and secured a buyer willing to purchase it on the terms set forth in the agreement attached as Exhibit B (the "**Sale Contract**").[2] Those terms include the following:

---

[1] The lien is in dispute and is subject to an adversary proceeding being prosecuted by the Chapter 11 Trustee in Adversary Case No. 19-80119-swd (the "**Adversary Proceeding**").

- Buyer: Jeffrey Capen (the "**Buyer**")

- Purchase Price: $4,500[3] (the "**Purchase Price**")

- Cost of Moving the Jet Skis: paid by Buyer

- Closing Date: upon Court approval of the sale free and clear of all liens and titles reflecting the same

## AUTHORITY FOR RELIEF REQUESTED

*Entry Into The Sale Contract Represents Sound Business Judgment*

10. Section 363(b) of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363. See, e.g., Stephens Indus., Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983)). "A sale of assets is appropriate if all provisions of § 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors." See Matter of Embrace Sys. Corp., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) quoting In re Charlesbank Laundry Co., 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

11. Here, the Chapter 11 Trustee has determined that selling the Jet Skis to the Buyer pursuant to the terms of the Sale Contract is in the best interests of the estate and creditors. Among other things, the Sale Contract permits the Chapter 11 Trustee to: (a) quickly convert the Jet Skis into cash at a fair price, based on the Chapter 11 Trustee's assessment of the market and the Jet Skis' overall condition; (b) avoid the costs and uncertainty associated with holding onto the Jet Skis for an extended period of time; and (c) avoid storage costs that would accrue if the sale were not consummated expeditiously.

---

[3] The Debtor listed the Jet Skis with a value of $6,000 on Schedule A/B, 4.2 [Docket No. 224].

- 3 -

30314964.2

*The Sale Satisfies The Free And Clear Requirements of Section 363(f)*

12. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

13. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Chapter 11 Trustee's sale of the Jet Skis free and clear of all liens, claims, rights, interests, and encumbrances as provided in the Sale Contract (collectively, the "Interests").

14. Here, the Chapter 11 Trustee submits that each Interest satisfies at least one of the five conditions of § 363(f) of the Bankruptcy Code, and that any such Interest will be adequately protected by having it attach to the net proceeds of the sale, subject to any claims and defenses the Debtor's estate may possess with respect thereto. Because both Nancy Khan and KeyBank consent to the sale, § 363(f) has been satisfied. Accordingly, the Chapter 11 Trustee requests that the Jet Skis be transferred to the Buyer free and clear of all Interests, with such Interests to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the Jet Skis.

*The Sale Should Take Effect Immediately*

15. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of an order unless the Court orders otherwise, the Chapter 11 Trustee requests that the Court enter an order authorizing the sale to take immediate effect notwithstanding Fed. R. Bankr. P. 6004(h).

## NOTICE

16. Bankruptcy Rule 2002(i) permits a movant to provide notice of hearing on certain requests only upon a committee, instead of upon all creditors.  In light of (a) the Committee's appointment and active involvement in this case and (ii) the costs associated with service of the motion on all creditors, the Chapter 11 Trustee submits that the limited notice contemplated by Bankruptcy Rule 2002(i) is appropriate.

17. Notice of this motion has been provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the Secretary of State for the State of Michigan; (e) the Michigan Department of Treasury; (f) counsel to the Committee; (g) counsel to KeyBank National Association; (h) the Buyer; and (i) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this motion, the Chapter 11 Trustee respectfully submits that no further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached to this Motion as <u>Exhibit A</u>, (i) granting the Motion, (ii) waiving the 14-day period set forth in Fed. R. Bankr. P. 6004(h); (iii) limiting notice pursuant to Bankruptcy Rule 2002(i); and (iv) granting the Chapter 11 Trustee such further relief as is appropriate.

Dated:   February 19, 2020

Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

<u>/s/ Nicholas M. Miller</u>
Nicholas M. Miller
Thomas C. Wolford
**NEAL, GERBER & EISENBERG LLP**
Two N. LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile:  (312) 269-1747
nmiller@nge.com
twolford@nge.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com

30314964.2