UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In Re

NAJEEB AHMED KHAN,

Debtor.

Case No: 19-04258 (SWD)
Chapter 11

**CHAPTER 11 TRUSTEE'S MOTION (I) FOR AUTHORITY TO SELL
1965 MINI COOPER, FREE AND CLEAR OF
ALL LIENS, INTERESTS AND ENCUMBRANCES, WITH LIENS,
INTERESTS AND ENCUMBRANCES ATTACHING TO THE
PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f)
AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)**

Mark T. Iammartino, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), hereby moves for entry of an order, substantially in the form attached hereto as Exhibit A, (i) approving the sale of a 1965 Swift Mini Cooper (the "**Mini Cooper**"), free and clear of all liens, interests and encumbrances with such liens, interests, and encumbrances attaching to the proceeds of the sale, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code and (ii) limiting notice pursuant to Bankruptcy Rule 2002(i).  In support thereof, the Chapter 11 Trustee states as follows:

**JURISDICTION**

1. This court (the "**Court**") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are Sections 363(b) and 363(f) of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3. Najeeb Ahmed Khan (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

4. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee [Docket No. 137]* dated October 29, 2019 and the *Acceptance of Appointment [Docket No. 166]* filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5. On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "**Committee**").

*The Mini Cooper*

6. As of the Petition Date, the Debtor owned an extensive collection of personal property, including the Mini Cooper.

7. The Mini Cooper is currently located at the Swift Motorsports shop in London, England.

8. The Debtor's wife, Nancy Khan, has asserted a marital interest in the Mini Cooper.

*The Offer For The Mini Cooper*

9. The Chapter 11 Trustee has secured a buyer willing to purchase it on the terms set forth in the agreement attached as Exhibit B (the "**Offer Letter**").[1] Those terms include the following:

- Buyer: John Breslow (the "**Buyer**")
- Purchase Price: $40,000[2] (the "**Purchase Price**")

---

[2] The Debtor listed the Mini Cooper with a value of $40,000 on Schedule A/B, 4.2 [Docket No. 224].

- Cost of Storing the Mini Cooper: paid by the Trustee until the transaction is closed

- Closing Date: upon Court approval of the sale of the vehicle free and clear of all liens, but in no event later than May 15, 2020.

## AUTHORITY FOR RELIEF REQUESTED

*Entry Into The Offer Letter Represents Sound Business Judgment*

10. Section 363(b) of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363. See, e.g., Stephens Indus., Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983)). "A sale of assets is appropriate if all provisions of § 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors." See Matter of Embrace Sys. Corp., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) quoting In re Charlesbank Laundry Co., 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

11. Here, the Chapter 11 Trustee has determined that selling the Mini Cooper to the Buyer pursuant to the terms of the Offer Letter is in the best interests of the estate and creditors. Among other things, the Offer Letter permits the Chapter 11 Trustee to: (a) quickly convert the Mini Cooper into cash at a fair price, based on the Chapter 11 Trustee's assessment of the market and the Mini Cooper's overall condition; (b) avoid the costs and uncertainty associated with holding onto the Mini Cooper for an extended period of time; and (c) avoid additional storage costs that would accrue if the sale were not consummated expeditiously.

*The Sale Satisfies The Free And Clear Requirements of Section 363(f)*

12. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

13. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Chapter 11 Trustee's sale of the Mini Cooper free and clear of all liens, claims, rights, interests, and encumbrances as provided in the Offer Letter (collectively, the "Interests").

14. Here, the Chapter 11 Trustee submits that each Interest satisfies at least one of the five conditions of § 363(f) of the Bankruptcy Code, and that any such Interest will be adequately protected by having it attach to the net proceeds of the sale, subject to any claims and defenses the Debtor's estate may possess with respect thereto. Because Nancy Khan consents to the sale, § 363(f) has been satisfied. Accordingly, the Chapter 11 Trustee requests that the Mini Cooper be transferred to the Buyer free and clear of all Interests, with such Interests to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the Mini Cooper.

*The Sale Should Take Effect Immediately*

15. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of an order unless the Court orders otherwise, the

Chapter 11 Trustee requests that the Court enter an order authorizing the sale to take immediate effect notwithstanding Fed. R. Bankr. P. 6004(h).

## NOTICE

16. Bankruptcy Rule 2002(i) permits a movant to provide notice of hearing on certain requests only upon a committee, instead of upon all creditors. In light of (a) the Committee's appointment and active involvement in this case and (ii) the costs associated with service of the motion on all creditors, the Chapter 11 Trustee submits that the limited notice contemplated by Bankruptcy Rule 2002(i) is appropriate.

17. Notice of this motion has been provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the Secretary of State for the State of Michigan; (e) the Michigan Department of Treasury; (f) counsel to the Committee; (g) counsel to KeyBank National Association; (h) the Buyer; and (i) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this motion, the Chapter 11 Trustee respectfully submits that no further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached to this Motion as Exhibit A, (i) granting the Motion, (ii) waiving the 14-day period set forth in Fed. R. Bankr. P. 6004(h); (iii) limiting notice pursuant to Bankruptcy Rule 2002(i); and (iv) granting the Chapter 11 Trustee such further relief as is appropriate.

Dated:    April 2, 2020    Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller
Ashley J. Jericho (P72430)
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 642-6938
Facsimile:   (312) 280-8232
nmiller@mcdonaldhopkins.com
ajericho@mcdonaldhopkins.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In Re<br><br>NAJEEB AHMED KHAN,<br><br>Debtor. | Case No: 19-04258 (SWD)<br>Chapter 11 |

**ORDER (I) APPROVING SALE OF 1965 MINI COOPER,
FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES
WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO
THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f)
AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)**

This matter comes before the Court on *Chapter 11 Trustee's Motion (I) for Authority to Sell 1965 Mini Cooper, Free and Clear of All Liens, Interests and Encumbrances with Liens, Interests and Encumbrances Attaching to the Proceeds of Sale, Pursuant to 11 U.S.C. § 363(b) and § 363(f) and (II) Limiting Notice Pursuant to Bankruptcy Rule 2002(i)* (the "**Motion**")[3] and the Court having reviewed the Motion; and the Court having determined that there is good and sufficient cause for the relief set forth herein; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances pursuant to Bankruptcy Rule 2002(i) and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

{8730197:2}

2. The sale of the Mini Copper pursuant to the terms of the Offer Letter is hereby approved.

3. Upon closing of the sale, the Mini Cooper shall be transferred to the Buyer free and clear of all Interests, with such Interests to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the Mini Cooper.

4. Contemporaneously with the closing of the sale of the Mini Cooper, the Chapter 11 Trustee is authorized and directed to escrow the Sale Proceeds according to the following terms:

- The Chapter 11 Trustee will escrow the purchase price, less any items required by the Offer Letter to be paid at or after the closing (the "**Sale Proceeds**");

- The Chapter 11 Trustee will use a segregated account at Axos Bank (the "**Segregated Account**") for the sole purpose of holding the Sale Proceeds and any other funds ordered by the Court to be held in the Segregated Account; and

- The Chapter 11 Trustee will not be permitted to use the Sale Proceeds in the Segregated Account for any purpose absent further order of this Court.

5. The Chapter 11 Trustee is authorized to take any actions consistent with this order and in furtherance of the sale of the Mini Cooper.

6. This Order has immediate effect and will not be stayed under Fed. R. Bankr. P. 6004(h).

### END OF ORDER

*Order prepared and submitted by:*
Nicholas M. Miller
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 642-6938
Facsimile:  (312) 280-8232
nmiller@mcdonaldhopkins.com

{8730197:2 }

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In Re

NAJEEB AHMED KHAN,

    Debtor.

Case No: 19-04258 (SWD)
Chapter 11

### NOTICE OF CHAPTER 11 TRUSTEE'S MOTION (I) FOR AUTHORITY TO SELL 1965 MINI COOPER, FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f) AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)

**PLEASE TAKE NOTICE** that on April 2, 2020 the Chapter 11 Trustee filed the *Chapter 11 Trustee's Motion (I) for Authority to Sell 1965 Mini Cooper, Free and Clear of All Liens, Interests and Encumbrances with Liens, Interests and Encumbrances Attaching to the Proceeds of Sale, Pursuant to 11 U.S.C. § 363(b) and § 363(f) and (II) Limiting Notice Pursuant to Bankruptcy Rule 2002(i)* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing and filed with the Clerk of the Court, U.S. Bankruptcy Court for the Western District of Michigan, 1 Division Ave. N, Room 200, Grand Rapids, MI 49503, so as to be received on or before **April 23, 2020 at 4:00 p.m. (*prevailing* Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon: (i) the Chapter 11 Trustee, Mark T. Iammartino, Development Specialists Inc., 10 S. LaSalle Street, Suite 3300, Chicago, IL 60603, email: miammartino@dsiconsulting.com and (ii) counsel to the Chapter 11 Trustee, McDonald Hopkins LLC, 300 N. LaSalle Street, Suite 1400, Chicago, IL 60654 (Attn: Nicholas M. Miller), email: nmiller@mcdonaldhopkins.com.

**PLEASE TAKE FURTHER NOTICE** that if you fail to respond in accordance with this notice, the court may grant the relief requested in the Motion without further notice or hearing.

{8730197:2 }

**PLEASE TAKE FURTHER NOTICE** that if an objection is properly filed and served in accordance with the above procedures, a subsequent notice will be sent to you of the date, time, and location of the hearing on the objection. Only objections made in writing and timely filed will be considered by the bankruptcy court at such hearing.

Dated:   April 2, 2020

Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller
Ashley J. Jericho (P72430)
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 642-6938
Facsimile:  (312) 280-8232
nmiller@mcdonaldhopkins.com
ajericho@mcdonaldhopkins.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com

{8730197:2 }