# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In Re<br><br>NAJEEB AHMED KHAN,<br><br>Debtor. | Case No: 19-04258 (SWD)<br>Chapter 11 |

### ORDER (I) AUTHORIZING SALE OF 1967 AMPHICAR (VIN: - 3472), FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. § 363(b) AND § 363(f) AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)

This matter comes before the Court on *Chapter 11 Trustee's Motion (I) for Authority to Sell 1967 Amphicar (VIN: - 3472), Free and Clear of All Liens, Interests and Encumbrances with Liens, Interests and Encumbrances Attaching to the Proceeds of Sale, Pursuant to 11 U.S.C. § 363(b) and § 363(f) and (II) Limiting Notice Pursuant to Bankruptcy Rule 2002(i)* (the "**Motion**")[3] and the Court having reviewed the Motion; and the Court having determined that there is good and sufficient cause for the relief set forth herein; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances pursuant to Bankruptcy Rule 2002(i) and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is granted as set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

2. The sale of the 1967 Amphicar (VIN: - 3472) (the "**Vehicle**") pursuant to the terms of the Offer Letter is hereby approved.

3. Upon closing of the sale, the Vehicle shall be transferred to the Buyer free and clear of all Interests, with such Interests to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the Vehicle.

4. Contemporaneously with the closing of the sale of the Vehicle, the Chapter 11 Trustee is authorized and directed to escrow the Sale Proceeds according to the following terms:

- The Chapter 11 Trustee will escrow the purchase price, less any items required to be paid at or after the closing (the "**Sale Proceeds**");

- The Chapter 11 Trustee will use a segregated account at Axos Bank (the "**Segregated Account**") for the sole purpose of holding the Sale Proceeds and any other funds ordered by the Court to be held in the Segregated Account; and

- The Chapter 11 Trustee will not be permitted to use the Sale Proceeds in the Segregated Account for any purpose absent further order of this Court.

5. The Chapter 11 Trustee is authorized to take any actions consistent with this order and in furtherance of the sale of the Vehicle.

[*Remainder of Page Intentionally Left Blank*]

6. This Order has immediate effect and will not be stayed under Fed. R. Bankr. P. 6004(h).

## END OF ORDER

*Order prepared and submitted by:*

Nicholas M. Miller
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 642-6938
Facsimile:   (312) 280-8232
nmiller@mcdonaldhopkins.com

**IT IS SO ORDERED.**



**Dated April 29, 2020**

Scott W. Dales
United States Bankruptcy Judge