UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

IN RE:

    NAJEEB AHMED KHAN,

        Debtor.

Case No. 19-04258-swd
Chapter 11 (Filed 10/8/19)
Honorable Scott W. Dales
U.S. Bankruptcy Judge

/

**CHAPTER 11 TRUSTEE'S MOTION (I) FOR AUTHORITY TO SELL JPMORGAN PRIVATE EQUITY INTERESTS , FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES, WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. §§ 363(b) AND (f) AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)**

Mark T. Iammartino, not individually but solely as chapter 11 trustee in the above-captioned case (the "Chapter 11 Trustee"), hereby moves for entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the sale of certain limited liability company interests in GSO Private Investors II B, LLC and limited partner interests in Core Senior Lending Fund (PB), L.P. (the "JPMorgan Private Equity Interests"), free and clear of all liens, interests and encumbrances with such liens, interests, and encumbrances attaching to the proceeds of the sale, pursuant to sections 363(b) and (f) of the Bankruptcy Code and (ii) limiting notice pursuant to Bankruptcy Rule 2002(i). In support thereof, the Chapter 11 Trustee states as follows:

**JURISDICTION**

1. This court (the "Court") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 363(b) and (f) of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. Najeeb Ahmed Khan (the "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code on October 8, 2019 (the "Petition Date").

4. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 137] dated October 29, 2019 and the *Acceptance of Appointment* [Docket No. 166] filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5. On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "Committee").

***The JPMorgan Private Equity Interests.***

6. Among other assets, the Debtor owns the JPMorgan Private Equity Interests.

7. On *Schedule A/B-Property*, the Debtor asserts the fair market value of the JPMorgan Private Equity Interests on the Petition Date as $1.00 each. However, upon information and belief, the JPMorgan Private Equity Interests have a fair market value in excess of $800,000.

8. Upon information and belief, there are no perfected liens or other encumbrances on, in or against the JPMorgan Private Equity Interests, and Debtor's non-filing spouse, Nancy Khan, does not have a direct interest in the JPMorgan Private Equity Interests (although she may assert an indirect interest that may be resolved through a global settlement agreement between the Debtor, the Chapter 11 Trustee, and various other parties in interest).

9. Debtor has not exempted the JPMorgan Private Equity Interests on his *Schedule C-The Property You Claim As Exempt*, and upon information and belief the Debtor consents to the Chapter 11 Trustee's administration of these assets for the benefit of his creditors.

10. The Debtor's right to sell or otherwise transfer the JPMorgan Private Equity Interests is limited by, among other things, (a) an Amended and Restated Agreement of Limited Partnership of the Partnership, Confidential Offering Memorandum of the Partnership and Core Senior Lending Offshore Fund (PB), L.P., Amended and Restated Agreement of Limited Partnership of the Master Fund (collectively the "Core Agreements") and (b) an Amended and Restated Limited Liability Company Agreement of the U.S. Conduit and Confidential Offering Memorandum of GSO Private Investors II, LLC, dated June 2012, as supplemented by a supplement dated December 2012 (collectively, the "GSO Agreements"). The Core Agreements and GSO Agreements shall hereafter be referred to as the "Agreements".

11. Pursuant to the Agreements, the JPMorgan Private Equity Interests can only be sold to prospective transferees who are already clients of J.P. Morgan Private Investments, Inc. and certain of its affiliates (collectively, "J.P. Morgan"). Such prospective transferees of the JPMorgan Private Equity Interests are subject and must adhere to rigorous confidential offering procedures and criteria, including the execution of a nondisclosure agreement. Therefore, the JPMorgan Private Equity Interests are not assets that can be sold at a public court auction or other sale on the open market. This is primarily because the JPMorgan Private Equity Interests are not registered under or otherwise subject to the U.S. Securities Act of 1933, the U.S. Investment Company Act of 1940 or the U.S. Investment Advisers Act of 1940 (collectively, the "Acts"), and, in order to maintain their exemption from the Acts, must adhere to certain procedural and sale-related limitations and requirements.

12. J.P. Morgan facilitates the sale of private investments like the JPMorgan Private Equity Interests in and through quarterly offerings to current J.P. Morgan clients. The next quarterly offering is on July 1. In conjunction with the quarterly offerings, a bid deadline is set by which qualified potential transferees must submit bids for purchasing the private investments. When the bidding window closes, sellers of the private investments, like the Chapter 11 Trustee, have between five and seven days to accept the offers.

13. The Agreements require the JPMorgan Private Equity Interests to be sold free and clear of all liens and encumbrances.

14. The Chapter 11 Trustee wishes to submit the JPMorgan Private Equity Interests in the July 1 quarterly offering facilitated by J.P. Morgan. In conjunction with the July 1 offering, the Chapter 11 Trustee expects the bid deadline will be on or around July 24, and the deadline for the Chapter 11 Trustee to accept or reject such bids on or around July 31.

15. The Chapter 11 Trustee offered the JPMorgan Private Equity Interests in the first quarterly offering of 2020, and received bids between approximately $320,000 and $610,000. However, without advanced Court approval, the Chapter 11 Trustee was unable to accept any of the bids due to the short acceptance window.

16. If the JPMorgan Private Equity Interests are included in the July 1 quarterly offering and the Chapter 11 Trustee receives bids from prospective qualified transferees, he is not obligated to accept (or reject) any bid, and in fact is entitled to submit counteroffers and negotiate sale price. In other words, including the JPMorgan Private Equity Interests in the July 1, or any subsequent, offering does not require the Chapter 11 Trustee to sell the JPMorgan Private Equity Interests if the highest and best offers received are not acceptable.

17. By this Motion, the Chapter 11 Trustee requests permission to submit the JPMorgan Private Equity Interests in the July 1 offering, and any future quarterly offerings, and to accept (or negotiate) any offer received that is acceptable to the Chapter 11 Trustee, in his discretion and business judgment, and in consultation with counsel to the Committee. By this Motion, the Chapter 11 Trustee also requests that the Chapter 11 Trustee's sale of the JPMorgan Private Equity Interests be free and clear of all liens and encumbrances pursuant to 11 U.S.C. §§ 363(b) and (f).

## AUTHORITY FOR RELIEF REQUESTED

*Chapter 11 Trustee is Exercising Sound Business Judgment.*

18. Section 363 of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363. *See, e.g., Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986) (*citing Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2nd Cir. 1983)). "A sale of assets is appropriate if all provisions of § 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors." *See, Matter of Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) *quoting In re Charlesbank Laundry Co.*, 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

19. Section 105(a) of the Bankruptcy Code provides: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. Here, there is ample reason to approve the Chapter 11 Trustee's participation in the J.P. Morgan private quarterly sale process as an exercise of the Chapter 11 Trustee's sound business judgment. Among other things, participation in the July 1 quarterly

5

offering, or any future quarterly offerings should the July 1 quarterly offering not produce an acceptable offer, is the only way to liquidate the JPMorgan Private Equity Interests, and it permits the Chapter 11 Trustee to convert the JPMorgan Private Equity Interests into cash at a fair market price. Additionally, by consulting with counsel to the Committee before accepting an offer for the JPMorgan Private Equity Interests, adequate safeguards for creditors are in place to ensure a reasonable sale price is ultimately received by the estate.

*The Sale Satisfies the Free and Clear Requirements of Section 363(f).*

21. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

22. Section 363(f) of the Bankruptcy Code is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Chapter 11 Trustee's sale of the JPMorgan Private Equity Interests free and clear of all liens, claims, rights, interests, and encumbrances (collectively, "Liens"), as required by the Agreements.

23. Here, the Chapter 11 Trustee submits that at least one of the five conditions of § 363(f) of the Bankruptcy Code is satisfied, and that any interests in the JPMorgan Private

6

Equity Interests, if any, will be adequately protected by having them attach to the net proceeds of the sale, subject to any claims and defenses the Debtor's estate may possess with respect thereto. Accordingly, the Chapter 11 Trustee requests that the JPMorgan Private Equity Interests be transferred to a qualified transferee selected through the J.P. Morgan private sale process, free and clear of all Liens, with such Liens (if any) to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the JPMorgan Private Equity Interests.

24. The Chapter 11 Trustee believes that approving the sale of the JPMorgan Private Equity Interests under the circumstances in this case, as described above and in the proposed order attached hereto as **Exhibit A**, is in the best interest of the bankruptcy estate.

*The Order Should Take Immediate Effect.*

25. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of an order unless the Court orders otherwise. The Chapter 11 Trustee requests that the Court enter an order authorizing the sale to take immediate effect notwithstanding Fed. R. Bankr. P. 6004(h).

**NOTICE**

26. Bankruptcy Rule 2002(i) permits a movant to provide notice of hearing on certain requests only upon a committee, instead of upon all creditors. In light of (a) the Committee's appointment and active involvement in this case and (b) the costs associated with service of the Motion on all creditors, the Chapter 11 Trustee submits that the limited notice contemplated by Bankruptcy Rule 2002(i) is appropriate.

27. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the Secretary of State for the State of Michigan; (e) the Michigan Department of Treasury; (f) counsel to the Committee;

(g) counsel to KeyBank National Association; (h) counsel to J.P. Morgan; and (i) all persons and entities that have filed a request for service of filings in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Chapter 11 Trustee respectfully submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached to this Motion as **Exhibit A**, (i) granting the Motion, (ii) waiving the 14-day period set forth in Fed. R. Bankr. P. 6004(h); (iii) limiting notice pursuant to Bankruptcy Rule 2002(i); and (iv) granting the Chapter 11 Trustee such further relief as is appropriate.

MILLER JOHNSON
Counsel to Chapter 11 Trustee

Dated: June 12, 2020        By: /s/ Rachel L. Hillegonds
Rachel L. Hillegonds (P67684)
hillegondsr@millerjohnson.com
Business Address:
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

**NAJEEB AHMED KHAN,**

Debtor.

Case No. 19-04258-swd
Chapter 11 (Filed 10/8/19)
Honorable Scott W. Dales
U.S. Bankruptcy Judge

/

**ORDER (I) APPROVING SALE OF JPMORGAN PRIVATE EQUITY INTERESTS, FREE AND CLEAR OF ALL LIENS, INTERESTS AND ENCUMBRANCES WITH LIENS, INTERESTS AND ENCUMBRANCES ATTACHING TO THE PROCEEDS OF SALE, PURSUANT TO 11 U.S.C. §§ 363(b) AND (f) AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)**

This matter comes before the Court on *Chapter 11 Trustee's Motion (I) for Authority to Sell JPMorgan Private Equity Interests, Free and Clear of All Liens, Interests and Encumbrances, with Liens, Interests and Encumbrances Attaching to the Proceeds of Sale, Pursuant to 11 U.S.C. §§ 363(b) and (f) and (II) Limiting Notice Pursuant to Bankruptcy Rule 2002(i)* (the "Motion")[1]; and the Court having reviewed the Motion, and determined that there is good and sufficient cause for the relief set forth herein; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances pursuant to Bankruptcy Rule 2002(i) and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted as set forth herein.

2. The Chapter 11 Trustee shall be permitted to participate in the J.P. Morgan private investment quarterly offerings, and to submit and otherwise include the JPMorgan Private Equity Interests in the July 1 quarterly offering or any subsequent quarterly offerings should the July 1 offering not result in a sale of the JPMorgan Private Equity Interests, pursuant to and in accordance with the terms and requirements of the Agreements.

3. The Chapter 11 Trustee shall have the authority in his discretion and business judgment, and in consultation with counsel for the Committee, to negotiate and/or accept any reasonable offer(s) received for the JPMorgan Private Equity Interests.

4. Upon closing of the sale, the Chapter 11 Trustee is authorized to execute and deliver to the buyer(s) appropriate documentation to effectuate a transfer and convey ownership of the JPMorgan Private Equity Interests, and the JPMorgan Private Equity Interests

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

shall be transferred to the buyer(s)s free and clear of all liens, claims, rights, interests, and encumbrances (collectively, "Liens"), with such Liens to attach to the proceeds of the sale, subject to a reservation of rights of all parties who may claim an interest in the JPMorgan Private Equity Interests.

5. The Chapter 11 Trustee is authorized to take any actions consistent with this Order and in furtherance of the sale of the JPMorgan Private Equity Interests.

6. This Order has immediate effect and will not be stayed under Fed. R. Bankr. P. 6004(h).

**END OF ORDER**

**Order prepared and submitted by:**
Rachel L. Hillegonds (P67684)
Miller Johnson
PO Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700
hillegondsr@millerjohnson.com