UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In Re

NAJEEB AHMED KHAN,

    Debtor.

Case No: 19-04258 (SWD)
Chapter 11

### MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING CHAPTER 11 TRUSTEE TO CONSENT TO SALE OF INDIRECT INTEREST IN THE GROVE OF PEORIA, LLC AND (II) LIMITING NOTICE PURSUANT TO BANKRUPTCY RULE 2002(i)

Mark T. Iammartino, not individually but solely as chapter 11 trustee in the above-captioned case (the "**Chapter 11 Trustee**"), hereby moves for entry of an order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Chapter 11 Trustee to consent to the sale of the estate's indirect interest in The Grove of Peoria, LLC and (ii) limiting notice pursuant to Bankruptcy Rule 2002(i) (the "**Motion**"). In support thereof, the Chapter 11 Trustee states as follows:

### JURISDICTION

1. This court (the "**Court**") has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 105(a) and 363(b) of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

{9309375:2}

## BACKGROUND

3. Najeeb Ahmed Khan (the "**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 8, 2019 (the "**Petition Date**").

4. Pursuant to the *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 137] dated October 29, 2019 and the *Acceptance of Appointment* [Docket No. 166] filed November 4, 2019, Mark. T. Iammartino, is the duly appointed, acting and qualified Chapter 11 Trustee in this case.

5. On November 1, 2019, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 155] (the "**Committee**").

6. As of the Petition Date, the Debtor owned a 33% membership interest in NAP Realty, LLC ("**NAP Realty**").

7. NAP Realty, in turn, holds a single asset, which is a 10% membership interest in The Grove of Peoria, LLC (the "**Grove Interest**"), an apartment complex located in Peoria, Illinois.

8. The current managing member of NAP Realty is Pat Ruszkowski, who has served in such role since before the Petition Date.

9. NAP Realty has received an offer from the property's current majority owner, Karen Chookaszian (the "**Buyer**"), to purchase the Grove Interest for $120,000.00 pursuant to the terms set forth in the Agreement attached hereto as Exhibit B (the "**Transaction**"). As the holder of a 33% interest in NAP Realty, the estate would receive $40,000.00 of the sale proceeds from the Transaction.

10. The Trustee believes that Mr. Ruszkowski, as the managing member of NAP Realty, has sufficient authority under controlling governance documents to consummate the Transaction without the consent of the Chapter 11 Trustee or any other member of NAP Realty.

However, in an abundance of caution, the Buyer has conditioned the sale upon receipt of all of NAP Realty's individual members' consents to the Transaction. Accordingly, the Chapter 11 Trustee is seeking an order authorizing him to provide such consent to the Transaction.

## AUTHORITY FOR RELIEF REQUESTED

11. The Debtor's membership interest in NAP Realty constitutes property of the estate. See 11 U.S.C. § 541(a)(1) and (c)(1).

12. Section 363(b) of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Courts have used the "sound business purpose" standard for approving the sale or use of property pursuant to section 363. See, e.g., Stephens Indus., Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983)). "A sale of assets is appropriate if all provisions of § 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors." See Matter of Embrace Sys. Corp., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) quoting In re Charlesbank Laundry Co., 37 B.R. 20, 22 (Bankr. D. Mass. 1983).

13. Here, the Chapter 11 Trustee has determined that providing the requested consent to the Transaction is fair and reasonable and in the best interests of the estate and creditors. Among other things, Transaction will allow the estate to recover $40,000.00 from the estate's approximately 3% indirect interest in the apartment complex, which is a fair recovery based on the Chapter 11 Trustee's assessment of the proposed Transaction. Although no formal valuation report has been issued, the Chapter 11 Trustee and his professionals have reviewed the offer and the related financials and have determined that the cap rate is appropriate and that the offer provides fair value for the position. Furthermore, because the Grove Interest is the only asset held by NAP Realty, the Transaction will permit the estate to quickly liquidate the estate's entire

interest in NAP Realty, without the expense, delay, and challenges of valuing or marketing the estate's indirect minority interest in the Peoria property. Accordingly, the Chapter 11 Trustee should be authorized to consent to the Transaction.

## NOTICE

14. Bankruptcy Rule 2002(i) permits a movant to provide notice of hearing on certain requests only upon a committee, instead of upon all creditors. In light of (a) the Committee's appointment and active involvement in this case and (ii) the costs associated with service of the motion on all creditors, the Chapter 11 Trustee submits that the limited notice contemplated by Bankruptcy Rule 2002(i) is appropriate.

15. Notice of this motion has been provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the Secretary of State for the State of Michigan; (e) the Michigan Department of Treasury; (f) counsel to the Committee; (g) counsel to KeyBank National Association; (h) the Buyer, (i) NAP Realty; and (j) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this motion, the Chapter 11 Trustee respectfully submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court enter an order, substantially in the form attached to this Motion as Exhibit A, (i) authorizing the Chapter 11 Trustee to consent to the sale by NAP Realty, LLC of its interest in The Grove of Peoria, LLC; (ii) limiting notice pursuant to Bankruptcy Rule 2002(i); and (iii) granting the Chapter 11 Trustee such further relief as is appropriate.

Dated:   January 14, 2021	Respectfully submitted,

**MARK IAMMARTINO, Chapter 11 Trustee**

*/s/ Nicholas M. Miller*
Nicholas M. Miller (admitted *pro hac vice*)
Ashley J. Jericho (P72430)
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Telephone: (312) 642-6938
Facsimile:   (312) 280-8232
nmiller@mcdonaldhopkins.com
ajericho@mcdonaldhopkins.com

- and -

Rachel L. Hillegonds
**MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.**
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI  49503
Telephone:  (616) 831-1711
Facsimile:  (616) 831-1701
hillegondsr@millerjohnson.com

{9309375:2 }	5