## MEMBERSHIP INTEREST PURCHASE AGREEMENT

THIS MEMBERSHIP INTEREST PURCHASE AGREEMENT (this "Agreement") is made and entered into effective as of December 21, 2020 (the "Effective Date"), by and between Karen Chookaszian ("Purchaser"), and NAP Realty, LLC, an Indiana limited liability company (the "Seller").

WHEREAS, NAP Realty is the owner of 10% of the issued and outstanding membership interest (the "Membership Interest") of The Grove of Peoria, LLC, an Illinois limited liability company (the "Company");

WHEREAS, pursuant to the terms and conditions set forth in this Agreement, NAP Realty desires to sell and assign all of the Membership Interest (the "Purchased Interest") of NAP Realty in the Company to Purchaser; and

WHEREAS, pursuant to the terms and conditions set forth in this Agreement, Purchaser desires to purchase and acquire the Purchased Interest from NAP Realty.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this Agreement, intending to be legally bound, hereby agree as follows:

1. Purchase and Sale of the Purchased Interest. Subject to the terms and conditions contained in this Agreement, Purchaser hereby purchases, and NAP Realty hereby sells, transfers, and assigns to Purchaser, the Purchased Interest, in exchange for $120,000.00 (the "Purchase Price"). At the Closing, by check or wire transfer of immediately available funds, Purchaser shall pay to NAP Realty the Purchase Price.

2. Closing. The closing of the transactions contemplated by this Agreement (the "Closing") shall take place remotely via the exchange of documents and signatures and effective as of December 21, 2020, or such other date and place as the parties may mutually determine.

3. Representations and Warranties of Seller. Seller represents and warrants to Purchaser that each of the following statements are true and correct in all respects: (a) Seller has full power and authority to execute, deliver and perform this Agreement and has taken all actions required to authorize Seller to enter into this Agreement; (b) this Agreement has been duly executed and delivered by Seller and constitutes the valid and legally binding obligation of Seller, enforceable in accordance with its terms; (c) to Seller's knowledge, there are no actions, suits, proceedings, hearings, investigations, charges, complaints, claims or demands of any kind pending or threatened against or affecting Seller or the Purchased Interest; (d) there are no injunctions, judgments, orders or decrees of any kind which are outstanding against or unsatisfied by Seller or relating to the Purchased Interest; (e) Seller has good, valid and marketable title to the Purchased Interest, free and clear of any lien, encumbrance or defect of title of any kind or nature, other than pursuant to federal and state securities laws; (f) all tax returns required to be filed on or before the date hereof by Seller have been, or will be, timely filed, and all taxes due and owing by Seller (whether or not shown on any tax return) have been, or will be, timely paid.

4. Covenants of Seller. From the Effective Date and hereafter, neither Seller nor any of its officers, directors, representatives or affiliates shall, directly or indirectly, solicit or initiate the submission of any offer or proposal by, or participation in discussions or negotiations with, or provide any information to or otherwise cooperate with, any person (other than Purchaser or any representative or Purchaser) concerning any acquisition of any interest in Seller or the Purchased Interest. Seller acknowledges that the

existence and the terms of this Agreement and any oral or written information exchanged between the parties in connection with the preparation and performance of this Agreement are regarded as confidential information. Seller shall maintain confidentiality of all such confidential information, and without obtaining the written consent of the Purchaser, Seller shall not disclose any confidential information regarding the transactions contemplated hereunder to any third parties.

5. <u>Representations and Warranties of Purchaser</u>. Purchaser represents and warrants to Seller that each of the following statements are true and correct in all respects: (a) Purchaser has full power and authority to execute, deliver and perform this Agreement and has taken all actions required to authorize Purchaser to enter into this Agreement; (b) this Agreement has been duly executed and delivered by Purchaser and constitutes the valid and legally binding obligation of Purchaser, enforceable in accordance with its terms; and (c) the consummation of the transactions contemplated herein to be consummated by Purchaser will not violate the provisions of any agreement, instrument, judgment, order, regulation or law by which Purchaser is bound.

6. <u>Due Diligence Period</u>. Prior to the Closing, Purchaser shall have the right, in its sole and absolute discretion, to terminate this Agreement for any reason or no reason. Purchaser may so terminate this Agreement by the giving of written notice thereof to Seller.

7. <u>Further Assurances</u>. At or after Closing, each party will, at its expense, execute and do all such further deeds, acts, things, and assurances that may be requisite in the opinion of counsel for the other party for carrying out the intention of, or facilitating the performance of, the terms of this Agreement. This Section 7 shall survive the Closing and not be merged therein.

8. <u>Indemnification; Applicability; Survival</u>. Seller shall indemnify and defend Purchaser and Purchaser's affiliates, managers, members, employees, agents and representatives and hold them harmless from and against any and all Adverse Consequences (as such term is defined below) arising out of, resulting from, relating to, in the nature of or caused by: (a) any misrepresentation or breach of any representation or warranty made by Seller in this Agreement; and (b) any breach of any covenant, agreement or obligation of Seller in this Agreement. As used in this Agreement, "<u>Adverse Consequences</u>" means all actions, suits, proceedings, hearings, investigations, charges, complaints, claims, demands, injunctions, judgments, orders, decrees, rulings, damages, dues, diminution of value, penalties, fines, amounts paid in settlement, liabilities, obligations, taxes, liens, losses, costs, expenses and fees, including court costs and reasonable attorneys' fees and expenses. The provisions of this Section 8 shall apply to all claims, including direct claims by a party seeking indemnification under this Section 8 against another party. All covenants, representations and warranties contained herein shall survive the execution and delivery of this Agreement and the Closing.

9. <u>Notices</u>. All notices and other communications provided for or permitted hereunder shall be made in writing by hand-delivery, first-class mail (registered or certified, return receipt requested), or electronic mail to the address given beneath the signature of each party hereto.

10. <u>Miscellaneous</u>. This Agreement and any documents expressly referred to herein embody the complete agreement and understanding among the parties and supersede and preempt any prior understandings, agreements, or representations by or among the parties, written or oral, which may have related to the subject matter of this Agreement in any way. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, *e.g.*, www.docusign.com) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes. This Agreement is intended to bind and inure to the

benefit of and be enforceable by Purchaser and Sellers and their respective successors and assigns. This Agreement shall be governed and construed in accordance with the laws of the state of Illinois without regard to conflicts of laws principles thereof and all questions concerning the validity and construction of this Agreement shall be determined in accordance with the laws of such state. The parties hereby submit to the exclusive jurisdiction of, and irrevocably waive any venue objections against, the federal and state courts located in Champaign County, Illinois, in any litigation arising out of this Agreement. The parties shall execute and deliver all documents, provide all information, and take or refrain from taking such actions, as may be reasonably necessary or appropriate to achieve the purposes of this Agreement. No provision of this Agreement may be amended or waived without the prior written consent or agreement of the Sellers and Purchaser. Except as otherwise set forth in this Agreement, Sellers shall pay all costs and expenses incurred or to be incurred by Sellers in connection with the terms of this Agreement or the transactions contemplated by this Agreement, including all attorneys' fees, accountants' fees and related costs and expenses. Except as otherwise set forth in this Agreement, Purchaser shall pay all costs and expenses incurred or to be incurred by Purchaser in connection with this Agreement or the transactions contemplated by this Agreement, including all attorneys' fees, accountants' fees and related costs and expenses. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

**[Remainder of this page intentionally left blank; signature page follows.]**

IN WITNESS WHEREOF, the parties hereto have executed this Membership Interest Purchase Agreement as of the day and year first above written.

**PURCHASER:**

Karen Chookaszian

By: *[signature: Karen Chookaszian]*
Name:  Karen Chookaszian

Address:        1100 Michigan Ave
                Wilmette, IL 60091


**SELLER:**

NAP REALTY, LLC


By: _____

Name: Patrick J. Ruszkowski

Its: Managing Member


Address: 1251 N. Eddy Street, Suite 202
         South Bend, IN 46617

**SIGNATURE PAGE TO MEMBERSHIP INTEREST PURCHASE AGREEMENT**